UNITED STATES, Appellee

v

LARRY BOYD, JR., Private,
U. S. Marine Corps, Appellant

18 USCMA 581, 40 CMR 293

No. 22,120

September 19, 1969

Lieutenant Kenneth F. Ripple, JAGC, USNR, was on the pleadings for Appellant, Accused.

Colonel C. R. Larouche, USMC, Captain Lester G. Fant, III, USMCR, and Captain William S. Foss, USMCR, were on the pleadings for Appellee, United States.

Opinion of the Court

DARDEN, Judge:

Following his plea of guilty, the accused was found guilty of desertion, wrongfully possessing one marihuana cigarette and forty marihuana seeds, at the Naval Air Station Brig, Corpus Christi, Texas, and, under an additional charge, of wrongfully using marihuana, heroin, and cocaine, in the Haight-Ashbury District, San Francisco, California, in violation of Articles 85 and 134, 10 USC §§ 885 and 934, respectively. These convictions still stand.

We have before us two issues: (1) whether the accused's guilty pleas are provident, and (2) whether the court-martial had jurisdiction over the offenses alleged in the specifications under the Additional Charge.

The law officer's inquiry into the providence of the accused's pleas of guilty did not cover the elements of the offenses charged. The procedure followed in this case would not meet

the standard that applies to cases tried thirty days after the decision in United States v Care, 18 USCMA 535, 40 CMR 247. Because of the plea, the trial record is devoid of factual proof. The accompanying Article 32 investigation, however, contains Boyd's confession to each of the marihuana and narcotic offenses charged and to a voluntarily terminated unauthorized absence, as well. Clearly then, his pleas of guilty to the former offenses are provident. His confessed unauthorized absence does not, without some evidence or implication of intent to remain away permanently, support the charge of desertion. Cf. United States v Care, supra. His conviction of it must be set aside.

In United States v Beeker, 18 USCMA 563, 40 CMR 275, this Court  determined that the possession or use of marihuana and narcotics by military persons on or off a military base had special military significance and that the military has jurisdiction to try an accused for such offenses. They are acts outside the limitation on military jurisdiction set out by the Supreme Court of the United States in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969). Thus, in this case, the Navy had jurisdiction to try the accused for the use of marihuana, heroin, and cocaine in the Haight-Ashbury District of San Francisco, California, as alleged in the three specifications under the Additional Charge.

The findings of guilty to the desertion under Charge I and its specification are set aside. The decision of the board of review is reversed and the record of trial is returned to the Judge Advocate General of the Navy. A rehearing may be ordered on the original charge or the Court of Military Review may affirm the lesser included offense of unauthorized absence and reassess the sentence.

Chief Judge QUINN and Judge FERGUSON concur.