UNITED STATES, Appellee

v

FRANK DOUGLAS ADAMS, Sergeant,
U. S. Army, Appellant

19 USCMA 75, 41 CMR 75

No. 21,594

November 21, 1969

 █

*Colonel Daniel T. Ghent, Lieutenant Colonel Charles W. Schiesser,* and *Captain Norman L. Blumenfeld* were on the pleadings for Appellant, Accused.

*Major Edwin P. Wasinger* and *Captain Benjamin G. Porter* were on the pleadings for Appellee, United States.

## Opinion

QUINN, Chief Judge:

On initial review of the accused's conviction by general court-martial of four offenses, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934, we set aside and dismissed, for insufficient evidence to support the findings of guilty, two specifications of alleged pandering. United States v Adams, 18 USCMA 310, 40 CMR 22. Thereafter, the accused petitioned for reconsideration. We granted the petition to consider the applicability of Leary v United States, 395 US 6, 23 L Ed 2d 57, 89 S Ct 1532 (1969), and O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969), to the findings of guilty of wrongful possession of marihuana (specification 1 of the charge) and unlawful transfer to another serviceman "not pursuant to a written order" from the transferee as required by 26 USC § 4742 (specification 2 of the charge).

In United States v Beeker, 18 USCMA 563, 40 CMR 275, we determined that wrongful pos- session of marihuana on or off a military installation is a service-connected act and, therefore, not subject to the constitutional limitation on court-martial jurisdiction explicated in the *O'Callahan* case. Similarly, in United States v Rose, 19 USCMA 3, 41 CMR 3, we concluded that unauthorized delivery or transfer to another serviceman of dangerous drugs is

service-connected within the meaning of the *O'Callahan* case and was properly triable by court-martial as a violation of the Uniform Code of Military Justice. In each instance, the premise for our decision was that transactions in narcotics, marihuana, and dangerous drugs may, in particular circumstances, be detrimental to the "health, morale and fitness for duty of persons in the armed forces." United States v Williams, 8 USCMA 325, 327, 24 CMR 135.

Whether an act is prejudicial to good order and discipline in particular circumstances is a question of fact for the court members, and they must be properly instructed they "must find that under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces." *Id.,* at page 327. Such instructions were given as to the possession charge but not in regard to the wrongful transfer charge. It is apparent, therefore, that whether we disregard the reference to 26 USC § 4742 in the specification as surplusage and treat the offense alleged as conduct to the prejudice of good order and discipline (see United States v Long, 2 USCMA 60, 66, 6 CMR 60), or give effect to the allegation as an essential part of the specification (United States v Rowe, 13 USCMA 302, 32 CMR 302), reversal of the findings of guilty is

required. As a violation of the transfer provisions of 26 USC § 4742, the wrongful act involves no circumstance to distinguish it as one having military significance and it would not, therefore, be triable by court-martial. See United States v Beeker, supra. As an offense constituting conduct to the prejudice of good order and discipline, the specification requires appropriate instructions to that effect. United States v Williams, supra. Since reversal is necessary for either of these reasons, it need not be determined whether the certificate of transfer required by 26 USC § 4742 involves self-incrimination as to a transferee under the *Leary* case.

The decision of the board of review is reversed as to specification 2 of the charge. The record of trial is returned to the Judge Advocate General of the Army for submission to the Court of Military Review. In its discretion, the Court of Military Review may reassess the sentence on the basis of the findings of guilty of specification 1 or order a rehearing by a court-martial on specification 2 and the sentence.

DARDEN, Judge (concurring in part and dissenting in part):

For the reasons given and on the authority cited in the principal opinion, I agree that wrongful possession of marihuana, be it on or off base, is service-connected within the meaning given that term by the Supreme Court in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969).

Had the "transfer" of marihuana been alleged as an Article 134 military offense prejudicial to good order and discipline, failure to give the instruction would have required reversal because of instructional incompleteness. In this instance, however, the specification in question, specification 2 of the charge, alleges that the accused unlawfully transferred marihuana to another, in violation of Title 26 of the United States Code, § 4742. This Court has held use and possession of marihuana clearly service-connected in light of its " 'disastrous effects . . . on the health, morale and fitness for duty of persons in the armed forces' " (see United States v Beeker, 18 USCMA 563, 565, 40 CMR 275, and other cases cited there). In my opinion, the transfer of marihuana by a member of the armed forces is closely enough related to use and possession to retain military jurisdiction. It is necessary, therefore, that I reach the granted issue and determine the effect of Leary v United States, 395 US 6, 23 L Ed 2d 57, 89 S Ct 1532 (1969), on the findings of guilty.

In *Leary* the Supreme Court decided that a timely and proper assertion of the privilege against self-incrimination provided a complete defense to prosecution of the transferee under the Marihuana Tax Act, 26 USC § 4744(a)(2).

This section of the Act makes it unlawful for a transferee who is required to pay a transfer tax to acquire or otherwise obtain marihuana without having paid such tax, or to transfer, conceal, or facilitate transportation or concealment of marihuana acquired or obtained without having paid the tax.

With certain exceptions not here relevant, 26 USC § 4742(a), makes it unlawful for any person, "whether or not required to pay a special tax and register under sections 4751 to 4753, inclusive, to transfer marihuana, except in pursuance of a written order of the person to whom such marihuana is transferred, on a form to be issued in blank for that purpose by the Secretary or his delegate." It further provides in later sections that the order form must show the name and address of both the transferor and transferee and requires the latter to give the original order to the transferor to be held for two years readily accessible for inspection.

Neither § 4744 nor § 4742 compels this petitioner to expose himself to the " 'real and appreciable' risk" of

incrimination. In both instances it is the transferee who is under compulsion. It is he who must secure the order form and give the names and addresses required. The transferor has no comparable obligation to perform an act or acts that incriminate. Indeed, possession of the form by the transferor shows compliance with § 4742. And were the accused to be tried merely for possession, the order form is inadmissible hearsay. As the transferor he is, I believe, outside the scope of both Leary v United States, supra, and United States v Covington, 395 US 57, 23 L Ed 2d 94, 89 S Ct 1559 (1969). Those cases do not hold § 4744 or § 4742 unconstitutional. For this reason, it is my view that the law in question does not contravene the Fifth Amendment privilege of the accused. Accordingly, I would affirm the decision of the board of review.

FERGUSON, Judge (concurring in the result) :

I concur in the result.

I agree with my brothers that wrongful possession of marihuana by a serviceman, whether on or off base, is "service connected" within the meaning of O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969), and, hence, triable by court-martial. United States v Beeker, 18 USCMA 563, 40 CMR 275. Cf. United States v Rose, 19 USCMA 3, 41 CMR 3. I also agree with the Chief Judge's disposition of the second issue but not with the means by which he reaches that result. In that regard, my brother Darden and I are in agreement that since the specification alleging the unlawful transfer of marihuana to another was laid under that portion of Article 134 of the Code relating to crimes and offenses not capital, the law officer was not obligated to instruct the court that, in order to convict, it must find that the charged offense was prejudicial to good order and discipline within the service. That factor is simply not an element of the charged offense and can play no part in the court's consideration. See my separate opinion in

United States v Hallahan, 19 USCMA 46, 41 CMR 46. My agreement ends there, however, for I believe that the accused's conviction under specification 2 must be reversed. Leary v United States, 395 US 6, 23 L Ed 2d 57, 89 S Ct 1532 (1969) ; United States v Covington, ·395 US 57, 23 L Ed 2d 94, 89 S Ct 1559 (1969).

The accused was charged under specification 2 of the charge (Article 134) with having unlawfully transferred marihuana to another serviceman, "which transfer was not pursuant to a written order," in violation of Title 26, § 4742, United States Code.

Section 4742 provides in pertinent part as follows:

"(a) General requirement.

"It shall be unlawful for any person, whether or not required to pay a special tax and register under sections 4751 to 4753, inclusive, to transfer marihuana, except in pursuance of a written order of the person to whom such marihuana is transferred, on a form to be issued in blank for that purpose by the Secretary or his delegate.

. . . . .

"(c) Supply.

"The Secretary or his delegate shall cause suitable forms to be prepared for the purposes mentioned in this section and shall cause them to be distributed to each internal revenue district for sale. The price at which such forms shall be sold shall be fixed by the Secretary or his delegate, but shall not exceed 2 cents each. Whenever any of such forms are sold, the Secretary or his delegate shall cause the date of sale, the name and address of the proposed vendor, the name and address of the purchaser, and the amount of marihuana order to be plainly written or stamped thereon before delivering the same.

"(d) Preservation.

"Each such order form sold by the Secretary or his delegate shall

be prepared to include an original and two copies, any one of which shall be admissible in evidence as an original. The original and one copy shall be given to the purchaser thereof. The original shall in turn be given by the purchaser thereof to any person who shall, in pursuance thereof, transfer marihuana to him and shall be preserved by such person for a period of 2 years so as to be readily accessible for inspection by an officer or employee mentioned in section 4773. The copy given to the purchaser shall be retained by the purchaser and preserved for a period of 2 years so as to be readily accessible to inspection by any officer or employee mentioned in section 4773. The second copy shall be preserved in the records of the internal revenue district."[1]

Timothy Leary was convicted in Federal District Court for the Southern District of Texas of having transported, concealed, and facilitated the transportation of marihuana without having paid the transfer tax imposed by the Marihuana Tax Act, 26 USC § 4741, et seq., thereby violating 26 USC § 4744(a)(2). Insofar as here relevant, 26 USC § 4744(a) provides:

". . . It shall be unlawful for any person who is a transferee required to pay the transfer tax imposed by section 4741(a) —

(1) to acquire or otherwise obtain any marihuana without having paid such tax. or

(2) to transport or conceal, or in any manner facilitate the transportation or concealment of, any marihuana so acquired or obtained."

The Supreme Court granted certiorari in Leary's case to determine whether his conviction for failure to comply with the transfer tax provisions of the Marihuana Tax Act violated his Fifth Amendment privilege against self-incrimination. Referring to its prior holdings in Marchetti v United States, 390 US 39, 19 L Ed 2d 889, 88 S Ct 697 (1968); Grosso v United States, 390 US 62, 19 L Ed 2d 906, 88 S Ct 709 (1968); and Haynes v United States, 390 US 85, 19 L Ed 2d 923, 88 S Ct 722 (1968), the Court answered the question in the affirmative and reversed outright Leary's conviction of this charge. As the Court said in 395 US, at pages 16–18:

"If read according to its terms, the Marihuana Tax Act compelled petitioner to expose himself to a

---

[1] "§ 4773. Inspection of returns, order forms, and prescriptions.

"The duplicate order forms and the prescriptions, including the written record of oral prescriptions, required to be preserved under the provisions of section 4705(c)(2) and (e), and the order forms and copies thereof and the prescriptions and records required to be preserved under the provisions of section 4742, in addition to the statements or returns filed in the office of the official in charge of the internal revenue district under the provisions of sections 4732(b) or 4754, shall be open to inspection by officers and employees of the Treasury Department duly authorized for that purpose, and such officials of any State or Territory, or of any organized municipality therein, or of the District of Columbia, or any insular possession of the United States, as shall be charged with the enforcement of any law or municipal ordinance regulating the production of marihuana or regulating the sale, prescribing, dispensing, dealing in, or distribution of narcotic drugs or marihuana. The Secretary or his delegate is authorized to furnish, upon written request, certified copies of any of the said statements or returns filed in the office of any official in charge of an internal revenue district to any of such officials of any State or Territory or organized municipality therein, or the District of Columbia, or any insular possession of the United States as shall be entitled to inspect the said statements or returns filed in the office of the official in charge of the internal revenue district, upon the payment of a fee of $1 for each 100 words or fraction thereof in the copy or copies so requested. (Aug. 16, 1954, ch. 736, 68A Stat 567; Aug. 31, 1954, ch. 1147, § 9, 68 Stat 1004.)"

'real and appreciable' risk of self-incrimination, within the meaning of our decisions in *Marchetti, Grosso,* and *Haynes.* Sections 4741–4742 required him, in the course of obtaining an order form, to identify himself not only as a transferee of marihuana but as a transferee who had not registered and paid the occupational tax under §§ 4751–4753. Section 4773 directed that this information be conveyed by the Internal Revenue Service to state and local law enforcement officials on request.

"Petitioner had ample reason to fear that transmittal to such officials of the fact that he was a recent, unregistered transferee of marihuana 'would surely prove a significant "link in a chain" of evidence tending to establish his guilt' under the state marihuana laws then in effect. When petitioner failed to comply with the Act, in late 1965, possession of any quantity of marihuana was apparently a crime in every one of the 50 States, including New York, where petitioner claimed the transfer occurred, and Texas, where he was arrested and convicted. It is true that almost all States, including New York and Texas, had exceptions making lawful, under specified conditions, possession of marihuana by: (1) state-licensed manufacturers and wholesalers; (2) apothecaries; (3) researchers; (4) physicians, dentists, veterinarians, and certain other medical personnel; (5) agents or employees of the foregoing persons or common carriers; (6) persons for whom the drug had been prescribed or to whom it had been given by an authorized medical person; and (7) certain public officials. However, individuals in the first four of these classes are among those compelled to register and pay the occupational tax under §§ 4751–4753; in consequence of having registered, they are required to pay only a $1 per ounce transfer tax under § 4741(a)(1). It is extremely unlikely that such persons will remain unregistered, for failure to register renders them liable not only to an additional $99 per ounce transfer tax but also to severe criminal penalties. Persons in the last three classes mentioned above appear to be wholly exempt from the order form and transfer tax requirements.

"Thus, at the time petitioner failed to comply with the Act those persons who might legally possess marihuana under state law were virtually certain either to be registered under § 4753 or to be exempt from the order form requirement. It follows that the class of possessors who were both unregistered and obliged to obtain an order form constituted a 'selective group inherently suspect of criminal activities.' Since compliance with the transfer tax provisions would have required petitioner unmistakably to identify himself as a member of this 'selective' and 'suspect' group, we can only decide that when read according to their terms these provisions created a 'real and appreciable' hazard of incrimination."

*Covington,* a companion case to *Leary,* was charged by Federal indictment in the Southern District of Ohio, with having violated 26 USC § 4744(a)(1) by obtaining a quantity of marihuana without having paid the transfer tax imposed by 26 USC § 4741(a). On his motion, the District Court dismissed the indictment, holding that under principles established in *Marchetti, Grosso,* and *Haynes,* Covington's privilege against self-incrimination would provide a complete defense to the prosecution. Upon appeal by the Government, the Supreme Court upheld the action of the lower court, citing its decisions in *Leary* and *Marchetti.*

I find no significant difference between these cases and the case at bar. It is true, as Judge Darden, in announcing that he would affirm this conviction, points out, the obligation to obtain the order form is placed by law on the transferee. The trans-

feree, however, must, at the same time, divulge the identity of the person from whom he intends to make the purchase (the transferor) and *both* are required to retain for inspection either the original or a copy of said form. The transferor's interest therein is obviously sufficient to give him standing to assert his constitutional prerogative. Cf. Jones v United States, 362 US 257, 4 L Ed 2d 697, 80 S Ct 725, 78 ALR2d 233 (1960); United States v Garlich, 15 USCMA 362, 35 CMR 334. I find support for my view by the fact that 26 USC § 4741(b) provides that "in the event that the transfer is made in violation of section 4742 without an order form and without payment of the transfer tax imposed by this section, the *transferor shall also be liable for such tax."* (Emphasis supplied.) Sections 4741 and 4742 cannot be read and interpreted in a vacuum.

Accordingly, I concur in the result reached by Chief Judge Quinn. I, too, would reverse the decision of the board of review as to specification 2 of the charge, set aside the sentence and direct that the Court of Military Review may reassess the sentence on the basis of the finding of guilty of specification 1 or order a rehearing by a court-martial on specification 2 and the sentence.