UNITED STATES, Appellee

v

MICHAEL A. RUMPLER, Lance Corporal, U. S. Marine Corps, Appellant

19 USCMA 479, 42 CMR 81

No. 22,922

May 28, 1970

*Captain Frank A. Nelson,* JAGC, USN, and *Captain John N. Stafford,* USMCR, were on the pleadings for Appellant, Accused.

*Lieutenant Colonel Charles J. Keever,* USMC, was on the pleadings for Appellee, United States.

## Opinion of the Court

DARDEN, Judge:

The appellant entered pleas of guilty to three specifications alleging desertion and escape from custody, in violation of Articles 85 and 95, Uniform Code of Military Justice, 10 USC §§ 885 and 895. The law officer's inquiry into the providence of the guilty

pleas did not cover the elements of the offenses charged. In mitigation testimony, Rumpler does not admit an intent to desert. We are uncertain whether the law officer intended to probe the question of intent following Rumpler's testimony when he asked a question that is reported in this authenticated record as follows:

"LO: Since the accused has mentioned going AWOL and has shown his general background, I think this will attribute to those absences. The court I'm sure is aware of the specific intent as required in this case. Are [sic] there any intention on your part on that testimony to interrogate [sic] from the existence of that intent?"

If the words actually spoken were "derogate from" instead of "interrogate from," the answer would have conceded the intent to desert. But we must take the record as it is authenticated. Under these circumstances the desertion convictions must be set aside. United States v Boyd, 18 USCMA 581, 40 CMR 293 (1969).

The findings of guilty as to desertion under Charge I and its three specifications are set aside. The decision of the Court of Military Review is reversed, and the record of trial is returned to the Judge Advocate General of the Navy. A rehearing may be ordered on the original desertion charges, or the Court of Military Review may affirm the lesser included offenses of unauthorized absence and reassess the sentence.

Judge FERGUSON concurs.

QUINN, Chief Judge (dissenting):

Before the law officer accepted the accused's plea of guilty, he was informed by the accused that he had discussed the plea with his counsel who informed him what the Government had "to prove as to the elements of" the offenses and that he understood the Government's burden of proof. The accused also informed the law officer that he did not want "any further advice." In my opinion, the record here demonstrates, as it did in United States v Gremillion, 18 USCMA 568, 569, 40 CMR 280 (1969), that the accused "knew the elements of the offense"; it is also sufficient to demonstrate the providence and the voluntariness of the accused's plea of guilty. United States v Romero, 18 USCMA 578, 40 CMR 290 (1969); United States v Graan, 18 USCMA 586, 40 CMR 298 (1969). Consequently, I would affirm the decision of the United States Navy Court of Military Review.