UNITED STATES, Appellee

v

HAROLD R. JAGOW, Private, U. S. Marine Corps, Appellant

19 USCMA 503, 42 CMR 105

No. 22,910

June 19, 1970

*Lieutenant James S. Bailey*, JAGC, USNR, was on the pleadings for Appellant, Accused.

*Lieutenant Colonel Charles J. Keever*, USMC, was on the pleadings for Appellee, United States.

Opinion of the Court

DARDEN, Judge:

The appellant entered pleas of guilty to offenses of which one was wrongful possession of an unauthorized armed forces identification card with *intent to deceive*. The memorandum of pretrial agreement, however, described the charge preferred as simply the wrong-

**503**

ful possession of an identification card —a lesser included offense. The plea of guilty was negotiated on this basis. Moreover, the finding on the greater offense was approved by the convening authority, yet the staff judge advocate's review treats the findings as a conviction of the lesser included offense. The action of the officer exercising general court-martial jurisdiction is presumably premised on this latter basis. Whether the appellant understood the nature of the charge and whether there was ever a meeting of the minds between Government and defense in this regard raise serious doubt as to the providence of the appellant's plea of guilty to the charged offense. The inquiry into the adequacy of the plea is of little assistance, since the military judge did not delineate the elements of any offense. The appellant's knowledge of the charge cannot be measured, therefore. Reversal is required under these circumstances. United States v Boyd, 18 USCMA 581, 40 CMR 293 (1969).

Accordingly, the finding of guilty as to specification 2, Charge II, is set aside. The decision of the Court of Military Review is reversed and the record of trial is returned to the Judge Advocate General of the Navy. A rehearing may be ordered on the original charge or the Court of Military Review may affirm the lesser included offense of wrongful possession of an identification card and reassess the sentence.

Chief Judge QUINN and Judge FERGUSON concur.