James E. RICE, Appellant,

v.

The Honorable John F. CHAFEE, Secretary of the Navy, General Leonard F. Chapman, Commandant, United States Marine Corps, Colonel John Doe Cass, Commanding Officer, 1st Marine Brigade, Lieutenant Colonel D. J. Hunter, Commanding Officer, 1st Marine Battalion, 3rd Marines, 1st Marine Brigade, Appellees.

No. 26019.

United States Court of Appeals, Ninth Circuit.

Jan. 27, 1971.

David C. Schutter, Honolulu, Hawaii, for appellant.

Robert K. Fukuda, U. S. Atty., Honolulu, Hawaii, for appellee.

6. 321 F.Supp. at 1170.

Before HAMLEY and BROWNING, Circuit Judges, and SCHNACKE, District Judge *.

PER CURIAM:

On February 11, 1970, James E. Rice was a private in the United States Marine Corps, stationed at Kaneohe Marine Corps Air Station, State of Hawaii. On that day he was alleged to have struck Kerry Howard, a Marine Corps Staff Sergeant, while both were separately off-post, in civilian clothes, on non-military connected activity in Honolulu.

Rice was arrested and turned over to military authorities. He was held at Kaneohe Marine Corps Air Station on a duty basis pending special court-martial proceedings. While there, he filed in the district court an application for writ of habeas corpus or, in the alternative, application for writ of mandamus. Seeking his release from the service, Rice advanced two grounds for such relief: (1) having completed his term of service, he was entitled to a discharge, and (2) the special court-martial was without jurisdiction to try him for a non-military offense committed off-post while on leave, citing O'Callahan v. Parker, 395 U.S. 258, 89 S.Ct. 1683, 23 L. Ed.2d 291 (1969).

On the day after this application was filed, and without calling for a response thereto or holding a hearing, and apparently without notice to any party, the district court, acting upon its own motion, denied the application.

'On this appeal, appellees do not attempt to defend the dismissal on the facts which were before the district court, as alleged in the application and supporting memorandum. Instead they call attention to evidence developed at the special court-martial held twelve days later, documenting their recital with a certified copy of the special court-martial. According to appellees, these facts demonstrate that the assault charged against Rice was "service-con-nected" within the meaning of the O'Callahan decision, and therefore the special court-martial had jurisdiction.

 In our view the facts alleged in the application and supporting memorandum did not warrant denial of the application on the court's own motion and without notice or hearing. We cannot consider the evidence subsequently developed in the special court-martial since it was not before the district court.

The order of dismissal is reversed and the cause is remanded to the district court for an evidentiary hearing upon the question of whether the alleged assault was service-connected, and upon any other issues, if any, which the court deems relevant.