**Donald James LYLE, Petitioner,**

v.

**Capt. John R. KINCAID, United States Navy, Commanding Officer, Naval Air Station, Jacksonville, Florida, Respondent.**

**Civ. No. 72-405.**

United States District Court,
M. D. Florida,
Jacksonville Division.
June 22, 1972.

Stephen D. Busey (court appointed counsel), Jacksonville, Fla., for petitioner. Donald James Lyle, in pro. per.

Robert S. Yerkes, Asst. U. S. Atty., Jacksonville, Fla., for respondent.

## ORDER

TJOFLAT, District Judge.

Petitioner has submitted an application for writ of habeas corpus and the government has responded to this Court's ensuing order to show cause. This Court does not feel that a hearing is necessary and is of the opinion that petitioner's claim is meritorious and therefore orders that he be released within two (2) days unless within that time the government requests and schedules an oral hearing.

Petitioner alleges that he was convicted and sentenced by Court Martial for possession of 14.8 grams of marijuana. The offense and arrest occurred while petitioner was off base, off duty, and in civilian clothes. He contends that the Court Martial lacked jurisdiction over his case because the offense is not "service-connected" within the meaning of O'Callahan v. Parker, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969).

The government, in its response, does not deny the above facts but argues, first, that petitioner must first exhaust his military appeals, and second, that possession of marijuana is sufficiently service-connected to justify jurisdiction in the Court Martial.

In support of its exhaustion argument the government cites Noyd v. Bond, 395 U.S. 683, 89 S.Ct. 1876, 23 L.Ed.2d 631 (1969). That case is distinguishable, however. In *Noyd* the petitioner had been convicted of refusing to obey commands. While his appeal was pending before the military tribunals he sought release from confinement by a habeas corpus petition to the district court, arguing that the Uniform Military Code required that he be released pending the outcome of his trial. The determination of his petition required an interpretation of a provision of the Uniform Military Code, and no jurisdictional or other constitutional claim was raised. The Court held that under those circumstances it was more appropriate for the district court to defer to the expertise of the military courts for an interpretation of the Uniform Code. The court specifically pointed out that the case did not raise any constitutional claims and distinguished earlier cases which had not required exhaustion where the petition raised constitutional jurisdiction issues. Noyd v. Bond, *supra* at 696 n. 8, 89 S.Ct. at 1884. The court noted that it was "especially unfair to require exhaustion of military remedies when the complainants raised substantial arguments denying the right of the military to try them at all." *Id.*

■ This case raises only the constitutional argument of whether the military could take jurisdiction of this offense. The determination of this issue does not require an interpretation of the Uniform Code, but on the contrary requires the application of the Supreme Court's decision in O'Callahan v. Parker. This Court is of the opinion that it is more appropriate for the district court to perform this task and therefore holds that exhaustion is not required. See also Moylan v. Laird, 305 F.Supp. 551 (D.R.I.1969) (holding exhaustion not required for charge of possession of 42 ounces of marijuana when petitioner was arrested while off-base without permission).

■ The test to determine the jurisdictional issue in this case was laid down in O'Callahan v. Parker, *supra*. In

that case the petitioner was convicted by a Court Martial for attempted rape, housebreaking, and assault to commit rape. The offense occurred while the petitioner was off base, off duty, and in civilian clothes. The court held that under those circumstances the military could not take jurisdiction over the offense but rather must defer to civilian authorities. The jurisdictional test laid down was that the offense must be "service-connected" before the military could take jurisdiction. The circumstances in this case are substantially similar to those in *O'Callahan*—the offense occurred off base while the petitioner was off duty and in civilian clothes. This Court is therefore of the opinion that *O'Callahan* dictates the conclusion that the Court Martial did not have jurisdiction.

The government argues that the decision of the Military Court of Appeals in United States v. Beeker, 18 USCM 563 (1969) should be followed. In that case the defendant was charged in one count with use of marijuana while off base. With regard to the first count the court concluded that there was sufficient military connection to justify taking jurisdiction. The court, however, based its decision, at least in part, on its interpretation of the applicable state law that the offense would not be a crime and that therefore no civilian court could take jurisdiction if the military tribunal did not do so. The case, thus, is distinguishable on two points. First, the charge was *use* and not *possession* of marijuana, and second, the acts did not constitute a crime under the applicable civilian law. The other military decisions cited in the government's response are also distinguishable, either because the offense occurred while on base or while the complainant was absent from the base without permission. The dicta in the cases do indicate that even off-base possession has sufficient military connection to justify jurisdiction. However, this Court is not in agreement and holds that possession of small amounts of marijuana while off base, off duty,

and in civilian clothes is insufficient to permit military jurisdiction.

This decision is supported by the only other reported federal court decision on this point, Moylan v. Laird, 305 F.Supp. 551 (D.R.I.1969). In that case the petitioner was charged with possession of 42 ounces of marijuana while away from his post without permission, off base, and in civilian clothes. The instant case is even stronger than that case in two respects. Here petitioner was charged with possession of only a small amount of marijuana and here petitioner was off duty. In *Moylan* the court was careful, as we are here, to distinguish between off-base *use* and off-base *possession* of marijuana.

The only argument advanced by the government to support its allegations that the act of possession of marijuana is service-connected is the assertion that when petitioner is off duty he is subject to be called back to duty at any time, apparently implying that there is therefore raised the danger that petitioner will commit a crime of possession on base and perhaps use it on base or pass it on to others to be used on base. The Court rejects this argument because the likelihood of being called back is slight, and because the petitioner was charged with the possession of such a small amount of marijuana that any probable effect on military discipline is quite low.

The government has not had an opportunity for a hearing in this case. The Court is of the opinion that such a hearing is not necessary. A hearing will be granted upon request, however, and the release of the petitioner will be delayed to give the government the opportunity to make such a request. It is, therefore

Ordered:

1. The conviction of the Court Martial is void nunc pro tunc for lack of jurisdiction.

2. The petitioner be released from confinement on or before 4:30 o'clock P.M., Friday, June 23, 1972, unless before that time a hearing is requested and scheduled.