**Donald James LYLE, Petitioner,**

v.

**Capt. John R. KINCAID, United States Navy, Commanding Officer, Naval Air Station, Jacksonville, Florida, Respondent.**

**James Henry SEEGER, Petitioner,**

v.

**Capt. John R. KINCAID, United States Navy, Commanding Officer, Naval Air Station, Jacksonville, Florida, Respondent.**

**Nos. 72-405-Civ-J-T, 72-406-Civ-J-T.**

United States District Court,
M. D. Florida,
Jacksonville Division.

Dec. 19, 1972.

Stephen D. Busey (Court-appointed), Jacksonville, Fla., for petitioners.

Robert S. Yerkes, Asst. U. S. Atty., Jacksonville, Fla., for respondent.

## MEMORANDUM OPINION

TJOFLAT, District Judge.

In each of these cases a member of the Armed Forces has filed a petition for a writ of habeas corpus alleging that he has been convicted by a Special Court Martial of possession of marijuana which allegedly occurred while he was off base, off duty, and out of uniform. Each petitioner argues that under O'Callahan v. Parker, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969), the military lacked jurisdiction to prosecute him for the offense. The government, in its response to this Court's order to show cause, neither disputed the alleged facts nor sought to supplement the record, relying instead on two legal arguments—that petitioners were required to exhaust their military remedies and that, on the merits, the military can take jurisdiction of the offense of marijuana possession even assuming that the only facts established are that the offense occurred while defendant was off base, off duty, and out of uniform. This Court, in an earlier order, resolved the legal issues in favor of the petitioners and ordered their immediate release, conditioned, however, on a right on the part of the government to request a hearing to supplement the factual record and/or to present oral argument.[1] A hearing was requested for the limited purpose of pursuing the jurisdiction issue only.[2] The order to release petitioners was thus nullified. Counsel was appointed, a hearing was held for each petitioner, and this Court entered a final judgment again finding for petitioner Lyle but against petitioner Seeger.

---

1. Lyle v. Kincaid, 344 F.Supp. 223 (M.D. Fla.1972). Only the order entered in Lyle's case was reported. The order in Seeger's case, however, was identical.

2. At the hearing the government did not concede the exhaustion issue but chose

not to pursue it. The Court hereby adopts the rationale expressed in its earlier orders on the exhaustion issue. See note 1 *supra*.

This opinion is entered in support of that final judgment, pursuant to Rule 52(a), Federal Rules of Civil Procedure.

The facts relevant to Lyle's offense were stipulated to as follows:

On 31 March 1972 a Trailways bus driver summoned Shore Patrolmen BM1 KING and HM3 EVANS and reported that there was a man on his bus whom he could not arouse and whom he believed to be a sailor. This man was not in uniform at the time. The driver stated that the sleeping man had ridden on his bus from Jacksonville Beach to the Trailways bus terminal in downtown Jacksonville.

Shore Patrolmen KING and EVANS proceeded to awaken the sleeping person, Seaman Donald J. LYLE, who was properly on liberty. Upon asking LYLE what he was going to do, LYLE responded, saying he intended to catch a bus to NAS Jacksonville. LYLE then proceeded to walk down Adams Street away from the bus station whereupon KING advised LYLE that he was headed in the wrong direction. At this point there was some conversation between LYLE and KING and EVANS which ended by LYLE telling the Shore Patrolmen to play cops and robbers where they were needed or words to that effect.

LYLE was then placed under arrest for being disrespectful to superior petty officers and transported to the Shore Patrol headquarters in downtown Jacksonville, Florida.

The Shore Patrol headquarters was built and is maintained and controlled by the U.S. Navy. The land on which it is located belongs to the City of Jacksonville which allows the Navy to use it for a shore patrol facility.

Upon LYLE's arrival at the Shore Patrol building, his possessions were inventoried and during this process the Shore Patrol discovered a plastic container which held 14.8 grams more or less of marijuana.

Based on these facts Lyle was charged with a violation of Article 134 of the Uniform Code of Military Justice [3] by having 14.8 grams of marijuana in his possession in Jacksonville, Florida. Lyle waived his right to trial before a multiple-member court martial and was tried by a Military Judge sitting alone. He pled guilty to the charge after the Military Judge denied his motions for dismissal based on the grounds that the military court lacked jurisdiction over the offense and that the marijuana was the fruit of an unconstitutional search.[4] He was sentenced to confinement at hard labor and forfeiture of $100.00 pay for two months. It is from this sentence that he now seeks habeas corpus relief.

There is also little dispute as to the facts relevant to Seeger's offense. He was arrested by civilian police in Jacksonville, Florida, at a rock concert which he attended while in civilian attire and on authorized liberty. After finding approximately one-half ounce of marijuana in his jacket, the civilian police turned Seeger over to the military authorities. Although there is little difference between the circumstances of Seeger's and Lyle's arrests (both occurred while the accused was off base, off duty, and out of uniform), Seeger's duty assignment with the Navy substantially distin-

---

3. That Article provides as follows:
    Though not specifically mentioned in this chapter, all disorders and neglects to the prejudice of good order and discipline in the armed forces, all conduct of a nature to bring discredit upon the armed forces, and crimes and offenses not capital, of which persons subject to this chapter may be guilty, shall be taken cognizance of by a general, special, or summary court-martial, according to the nature and degree of the offense, and shall be punished at the discretion of that court.

4. The legality of the search was not raised by petitioners as a ground for relief in their petitions for writs of habeas corpus.

guishes his offense. Seeger was assigned to the Naval Drug Rehabilitation Center at Naval Air Station, Jacksonville, Florida. The Center is one of two or three rehabilitation centers in the country recently established by the Navy, pursuant to a Department of Defense Directive, for the purpose of "restoring members of the armed forces [involved in drug abuse] to useful functions." [5] Seeger volunteered for participation in the program and, after being found eligible, was transferred from his post in California to the Drug Rehabilitation Center at Jacksonville. While assigned to the Center his sole responsibility to the Navy was to attend the Center programs and attempt to "rehabilitate" himself. Typically his daily routine would require him to attend counseling sessions in the morning and high school classes in the afternoon. Otherwise, his status was similar to that of other sailors assigned to the Naval Air Station with conventional duties. He was not restricted to any particular area of the base and he was given a normal amount of liberty.

Based on these facts Seeger was charged with a violation of Article 134 of the Uniform Code of Military Justice [6] by having in his possession in Jacksonville, Florida, one-half ounce of marijuana. He waived his right to trial before a multiple-member court martial and was tried by a Military Judge sitting alone. He pled guilty to the charge after the Military Judge denied his motion for dismissal on the grounds that the military court lacked jurisdiction over the offense. He was convicted and sentenced to confinement at hard labor and forfeiture of $175.00 pay for three months and to reduction of his pay grade. It is from this sentence that he now seeks habeas corpus relief.

■ As to petitioner Lyle, the Court hereby adopts the rationale given in the conditional order entered by this Court on June 22, 1972.[7] This rationale is in complete accord with the opinion subsequently entered in another case by the Court of Appeals for the Fifth Circuit: Cole v. Laird, 468 F.2d 829 (5th Cir. 1972). *Cole*, in fact, is an even stronger case because the accused was charged with *use* of marijuana as opposed to *possession* as charged in this case. In both *Cole* and this case, the alleged offense occurred while the accused was off base, off duty, and out of uniform, and the government offered no evidence which would establish that the offense was any more service-connected than the one involved in O'Callahan v. Parker, *supra*. It must be concluded, therefore, that the military court had no jurisdiction over Lyle's alleged offense and the petition for a writ of habeas corpus is granted.

■ The government argues that since Lyle was searched at the Shore Patrol Headquarters in downtown Jacksonville his offense occurred on military property and thus is sufficiently service-connected to permit jurisdiction. See Relford v. Commandant, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971). The offense charged, however, was not on-base possession, but rather possession "at Jacksonville, Florida." The government may not now amend the charge. Alternatively, this Court holds that a civilian offense may not be converted to a military one when the accused is involuntarily transported onto military property. See United States v. Castro, 18 U.S.C.M.A. 598 (1969) (possession of a firearm).

■ As to petitioner Seeger, this Court is of the opinion that his special status with the Navy, as a resident of a Drug Rehabilitation Center whose primary duty was to rehabilitate himself from the effects of drug abuse, provides the link necessary to make his offense

---

5. Department of Defense Directive No. 1300.11, October 23, 1970. Also see Navy Instruction No. 6710.2, July 9. 1971.

6. See note 3 *supra*.

7. See note 1 *supra*.

sufficiently service-connected to permit military jurisdiction. *Compare* O'Callahan v. Parker, *supra, with* Relford v. Commandant, *supra.* Seeger's petition for a writ of habeas corpus, therefore, must be denied.