**Raymond V. WISHMEYER, Petitioner,**

v.

**Commander John M. BOLTON, Commanding Officer, Helicopter Training Squadron Eighteen, et al., Respondents.**

**No. 73–70–Civ–P.**

United States District Court,
N. D. Florida,
Pensacola Division.

June 12, 1973.

J. B. Murphy, Jr., Pensacola, Fla., for petitioner.

Cmdr. Kenneth L. Abernathy and William H. Stafford, U. S. Atty., Pensacola, Fla., for respondents.

## FINAL ORDER

ARNOW, Chief Judge.

This matter coming on for final hearing upon the petition of Raymond V. Wishmeyer for a writ of habeas corpus and other relief; and the parties having presented evidence and stipulated to the facts of the case and their respective counsel having made argument before this Court; and the Court being fully advised in the premises; it is hereby

Ordered and Adjudged as follows:

1. The petition for writ of habeas corpus and other relief is hereby granted.

2. That the petitioner's incarceration at the time of the filing of his petition was sufficient to give this Court jurisdiction to entertain his petition under Title 28, U.S.C. § 2241. Carafas v. La-Vallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L. Ed.2d 554 (1968).

3. That the petitioner is not required to exhaust his military remedies. Lyle v. Kincaid, 344 F.Supp. 223 (M.D. Fla.1972); Cole v. Laird, 468 F.2d 829 (5th Cir. 1972).

4. That under the facts of petitioner's case there was not sufficient service connection to give the military jurisdiction to try him for any of the offenses of which he was charged. O'Callahan v. Parker, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969); Relford v. Commandant, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971); and Cole v. Laird, 468 F.2d 829 (5th Cir. 1972).

5. Inasmuch as the Court finds that the military lacked jurisdiction to try the petitioner for the offenses of which he was charged, the Court does not reach the issue of the constitutionality of Article 134 of the Uniform Code of Military Justice, Title 10 U.S.C. § 934, raised by petitioner.

6. The orders of this Court entered on May 21, 1973 and May 25, 1973 are hereby confirmed.

7. Petitioner's conviction by the special court-martial on April 27, 1973 is hereby set aside, declared null and void, and respondents are ordered to dismiss and disapprove those proceedings. All rights, privileges and property of which the petitioner has or would be deprived by virtue of the judgment of the court and execution of the sentence adjudged at that court-martial will be restored.

This order shall take effect on June 22, 1973.