**David HOLDER et al., Plaintiffs,**

**v.**

**Hon. Elliot RICHARDSON et al., Defendants.**

**Civ. A. No. 534–73.**

United States District Court, District of Columbia.

May 25, 1973.

Order June 21, 1973.

David F. Addlestone, Washington, D. C., for plaintiffs.

Michael Katz, Asst. U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM ORDER

JUNE L. GREEN, District Judge.

This case is before the Court on defendants' motion to dismiss or, in the alternative, for summary judgment.

Plaintiffs, enlisted Naval personnel have been charged by the military with the wrongful use and possession of marijuana off-base.[1] They seek to enjoin pending court-martial proceedings on the ground that the alleged offenses were not "service-connected" and hence that the military lacks jurisdiction. *Compare* O'Callahan v. Parker, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969) (off-base attempted rape, housebreaking and assault with intent to commit rape held not service-connected un-

---

1. Plaintiff Kozak is also charged with the wrongful sale of marijuana off-base.

der totality of circumstances) *with* Relford v. Commandant, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971) (on-base rapes and kidnappings held service-connected under totality of circumstances). Defendants argue that plaintiffs have failed to exhaust their military remedies. In addition, they contend that the alleged offenses are service-connected and that the military does have jurisdiction.

### I. *Exhaustion of Millitary Remedies*

Plaintiffs appear to concede that they have failed to exhaust their in-service remedies to enjoin the court-martial proceedings. They argue that exhaustion is not required. Plaintiffs' Memorandum of Points and Authorities at 9, n. 11.

Ordinarily a federal civilian court should not enjoin military courts-martial. *See, e. g.*, Levy v. Corcoran, 128 U.S.App.D.C. 388, 389 F.2d 929, cert. denied, 389 U.S. 960, 88 S.Ct. 337, 19 L.Ed.2d 369 (1967). However, in Noyd v. Bond, 395 U.S. 683, 696, n. 8, 89 S.Ct. 1876, 1884, 23 L.Ed.2d 631 (1969) (dictum), the Supreme Court said,

> "Petitioner contends that our decisions in Toth v. Quarles, 350 U.S. 11, 76 S.Ct. 1, 100 L.Ed. 8 (1955); Reid v. Covert, 354 U.S. 1, 77 S.Ct. 1222, 1 L.Ed.2d 1148 (1957); and McElroy v. Guagliardo, 361 U.S. 281, 80 S.Ct. 305, 4 L.Ed.2d 282 (1960), justify his position that exhaustion of military remedies is not required in this case. The cited cases held that the Constitution barred the assertion of court-martial jurisdiction over various classes of civilians connected with the military, and it is true that this Court there vindicated complainants' claims without requiring exhaustion of military remedies. We did so, however, because we did not believe that the expertise of military courts extended to the consideration of constitutional claims of the type presented. Moreover, it appeared especially unfair to require exhaustion of military remedies when the complainants raised substantial arguments denying the right of the military to try them at all. . . ."

Defendants, noting that *Toth, Reid* and *McElroy* all involved civilians connected with the military, contend that the *Noyd* exception to the exhaustion rule applies only to such civilians. Defendants' Memorandum . . . at 10–14. However, the *Noyd* exception to exhaustion has been specifically applied to military personnel in Hemphill v. Moseley, 443 F.2d 322 (10th Cir. 1971). Various federal courts have ruled on the service-connection test without requiring military personnel attacking courts-martial to exhaust their in-service remedies. Rice v. Chafee, 437 F.2d 883 (9th Cir. 1971) (by implication) (remanded to district court for *O'Callahan* hearing); Zenor v. Vogt, 434 F.2d 189 (5th Cir. 1970), cert. denied, 401 U.S. 995, 91 S. Ct. 1244, 28 L.Ed.2d 534 (1971); Schroth v. Warner, 353 F.Supp. 1032 (D.Hawaii 1973) (preliminary injunction); Lyle v. Kincaid, 344 F.Supp. 223 (M.D.Fla.1972); Moylan v. Laird, 305 F.Supp. 551 (D.R.I.1969). *See also* Laird v. Tatum, 408 U.S. 1, 19 n. 4, 92 S.Ct. 2318, 33 L.Ed.2d 154 (1972) (Douglas, J., dissenting) (dictum).

### II. *Service Connection Test*

In determining whether the alleged offenses in the case at bar are service-connected, it is necessary to determine if this case more nearly resembles the facts in *O'Callahan* or in *Relford.* Such an *ad hoc* approach was suggested by the Supreme Court in *Relford,* where the Court mentioned 12 factors on which the *O'Callahan* decision was based.

"1. The serviceman's proper absence from the base.

2. The crime's commission away from the base.

3. Its commission at a place not under military control.

4. Its commission within our territorial limits and not in an occupied zone of a foreign country.

5. Its commission in peacetime and its being unrelated to authority stemming from the war power.

6. The absence of any connection between the defendant's military duties and the crime.

7. The victim's not being engaged in the performance of any duty relating to the military.

8. The presence and availability of a civilian court in which the case can be prosecuted.

9. The absence of any flouting of military authority.

10. The absence of any threat to a military post.

11. The absence of any violation of military property . . . .

12. The offense's being among those traditionally prosecuted in civilian courts." 401 U.S. at 365, 91 S.Ct. at 655.

It appears that elements 1, 2, 3, 4, 5, 8, 11 and 12 operate in plaintiffs' favor as to all charges and defendants do not discuss these elements. See Defendants' Memorandum . . . at 15. The remaining elements, 6, 7, 9 and 10, must be analyzed as they relate to the particular charges preferred against plaintiffs.

■ (A) *Use and Possession of Marijuana.* As to the 6th element, it appears that a connection between plaintiffs' military duties and the alleged offenses is open to doubt. In *Relford,* the Court stated that "[i]t is at once apparent that [element] . . . 6 . . . [operates] in Relford's favor as [it] did in O'Callahan's . . ." 401 U.S. at 366, 91 S.Ct. at 656. Thus, the Court felt that there was no connection between military duties and a serviceman's kidnapping, rape, attempted rape, housebreaking, or assault with intent to commit rape. The "connection" must be more than a possibly unstable personality that would relate both to crime and performance of the military mission. Moreover, marijuana is apparently not a "hard" drug which is physi-

cally addictive. *See* United States v. Moore, —— F.2d at ——, n. 129 (D.C.Cir. 1973) (Wright, Tamm & Robinson, JJ., and Bazelon, C. J., dissenting) (dictum). *See also* Cole v. Laird, 468 F.2d 829 (5th Cir. 1972) (both possession and use of marijuana off-base held not service-connected). *See also* Schroth v. Warner, *supra* (off-base possession of marijuana held not service-connected). *Accord,* Lyle v. Kincaid, *supra;* Moylan v. Laird, *supra. But see* United States v. Boyd, 18 U.S.C.M.A. 581, 40 C.M.R. 293 (1969) (off-base possession and use of marijuana, heroin and cocaine held service-connected and violative of Articles 85 and 134, Uniform Code of Military Justice); United States v. DeRonde, 18 U.S.C.M.A. 575, 40 C.M.R. 287 (1969) (off-base possession of marijuana cigarettes held service-connected and violative of Article 134); United States v. Beeker, 18 U.S. C.M.A. 563, 40 C.M.R. 275 (1969) (off-base use of marijuana held service-connected; Court states that use of marijuana apparently not a crime cognizable in a civilian court).[2]

■ As to the 7th element, it appears that there is no separate "victim" for the offenses in question. Both *O'Callahan* and *Relford* suggest that the term "victim" denotes an individual other than the accused.

■ As to the 9th element, it is not clear that plaintiffs flouted military authority. Violation of the civilian criminal law and military directives apparently does not constitute "flouting". It seems that neither O'Callahan nor Relford "flouted" military authority. 401 U.S. at 365, 366, 91 S.Ct. 649. *See also* United States v. Borys, 18 U.S.C.M.A. 547, 40 C.M.R. 259 (1969) (off-base attempted rape, housebreaking, and assault with intent to commit rape did not involve "flouting"). The fact that plaintiffs are of differing ranks and are fellow workers at the same military unit

2. In Levy v. Parker, 478 F.2d 772 (3d Cir. 1973), the Court held that Articles 133 and 134 were unconstitutional. The Court also apparently held that joinder of charges un-

der these Articles with other charges was prejudicial. In Avrech v. Secretary of the Navy, D.C.Cir., 477 F.2d 1237 (1973) Article 134 was held unconstitutional.

may not necessarily aggravate the "flouting", as defendants suggest in their Memorandum, at 19. Plaintiffs are all enlisted men, and it is not clear that any of them owes command obedience to another. The case at bar is thus distinguishable from Silvero v. Chief of Naval Air Basic Training, 428 F.2d 1009 (5th Cir. 1970) (officer accused of offenses against enlisted men).

As to the 10th element, it is not clear there was any threat to the military post. There was no threat in *O'Callahan.* The threat in *Relford* was the threat to the security of two women properly on post. 401 U.S. at 366, 91 S. Ct. 649.

(B) *Sale of Marijuana.* Analysis of the charge against defendant Kozak of wrongful sale of marijuana is similar to that of part (A) *supra,* except as hereinafter noted:

The sale of marijuana involves a victim. Hence the 7th element in the 12 elements outlined in *Relford* comes into play. The test is whether the victim was being engaged in the performance of a duty relating to the military at the time of the offense. In *Relford,* one victim was so engaged; she was returning to her job at the PX after an approved break. Although the victim in the case at bar was a member of the military service, it does not appear that she was engaged in a military duty at the time of the offense.

The sale of drugs may create a greater danger to the military operations than the use of drugs. *See* Cole v. Laird, *supra,* 468 F.2d at 833. This fact may relate to the 10th element outlined in *Relford,* or may relate to the 9 additional, more general factors mentioned by the Court, 401 U.S. at 367–369, 91 S. Ct. 649.[3] On the other hand, it has been suggested that the wrongful transfer of marijauna is not prejudicial *per se* to good order and discipline in the military. Whether prejudice results is a question of fact. See United States v.

Adams, 19 U.S.C.M.A. 75, 41 C.M.R. 75 (1969) (opinion of Quinn, C. J.).

For the foregoing reasons, it is by the Court, this 24th day of May 1973,

Ordered that defendants' motion to dismiss or for summary judgment should be and the same hereby is denied.

## ORDER

By Memorandum Order of May 24, 1973, this Court denied defendants' motion to dismiss or for summary judgment. The Court found that plaintiffs were not required to exhaust their military remedies and that it did not appear that the plaintiffs' alleged offenses were service-connected.

At a June 13, 1973 hearing the Court heard oral argument on plaintiffs' motion for preliminary injunction, which defendants have agreed could be treated as a motion for permanent injunction. The facts of the case have been stipulated for the record.

No new matter was brought to the Court's attention at the June 13, 1973 hearing with respect to whether or not plaintiffs' alleged offenses are service-connected.

Plaintiffs contend that their being subjected to military courts-martial constitutes irreparable injury. They assert that Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), is distinguishable in 3 respects: (a) Unlike *Younger,* the instant case does not involve the particular problems growing out of our federalist form of government. (b) Unlike *Younger,* the instant case involves parties challenging the very jurisdiction of the military. Just as it is "especially unfair" to require civilians to exhaust their military remedies, see Noyd v. Bond, 395 U.S. 683, 696 n. 8, 89 S.Ct. 1876, 23 L.Ed.2d 631 (1969), so too is it unfair, they argue, to require plaintiffs in this case to submit to courts-martial where the military jurisdiction is open to question.

---

3. Case law, however, has largely ignored the 9 additional factors. Schroth v. Warner, supra, 353 F.Supp. at 1036–1037.

(c) Unlike state courts, military courts have no provision for bail.

 It appears that the military courts-martial have not yet begun. Taking into account the special burdens required to obtain a permanent injunction, as well as the possibly offensive nature of an injunction against proceedings in a military court, this Court finds that declaratory relief is more appropriate in this case than injunctive relief. The Court notes that the complaint includes a prayer "[f]or such other and further relief as to this Court may appear just, equitable and proper in the premises."

Accordingly, plaintiffs' motion for preliminary and permanent injunction should be and the same hereby is denied. However, the Court declares that plaintiffs properly brought suit in this Court to enjoin their pending courts-martial. The Court further declares that the plaintiffs' alleged offenses are not service-connected and that the military lacks jurisdiction to try plaintiff by courts-martial.