**Horace Laird BALDWIN, Petitioner,**

v.

**COMMANDING OFFICER, PHILADELPHIA NAVAL BASE, et al., Respondents.**

**Civ. A. No. 73–1032.**

United States District Court,
E. D. Pennsylvania.

Aug. 27, 1973.

G. Sander Davis, Philadelphia, Pa., for petitioner.

Frank J. Bove, Asst. U. S. Atty., Philadelphia, Pa., for respondents.

## MEMORANDUM

HUYETT, District Judge.

Petitioner, Horace Laird Baldwin, has moved for a temporary restraining order (TRO) to prevent defendant military authorities from conducting a general court martial in which petitioner is charged with being absent from the Navy without authority from May 7, 1969 to May 8, 1973. It is contended that defendants lack jurisdiction to conduct the court martial since petitioner was wrongfully denied a conscientious objector petition which had been filed by the petitioner before he absented himself from the Navy without authority. The validity of petitioner's claim for conscientious objector status is currently before the court in the form of a petition for writ of habeas corpus. By Orders dated August 7, 1973, we denied the motion for a TRO and set for hearing on August 31 (subsequently rescheduled for September 5) the merits of petitioner's habeas corpus action. This memorandum sets forth our reasons for the denial of the TRO.

In seeking a TRO against the court martial proceeding, petitioner cites a number of cases in which civil courts have enjoined a court martial when the offense for which the serviceman is being tried was not service connected within the meaning of O'Callahan v. Parker, 395 U.S. 258, 88 S.Ct. 1683, 23 L.Ed.2d 291 (1969). See Cole v. Laird, 468 F.2d 829 (5 Cir. 1972); Schroth v. Warner, 353 F.Supp. 1032 (D.Hawaii 1973); Lyle v. Kincaid, 344 F.Supp. 223 (M.D.Fla.1972); Moylan v. Laird, 305 F.Supp. 551 (D.R.I.1969). These cases reason that since military courts lack jurisdiction to adjudicate non-service connected offenses, a civil court may properly exercise its equity power to halt the wrongful assertion of jurisdiction by the military courts. Lack of jurisdiction in the military courts overcomes the reluctance civil courts have had to interfere with military judicial proceedings.

Whether lack of jurisdiction in military courts within the meaning of O'Callahan does warrant interference with military proceedings is a matter we need not, however, consider. Compare the Supreme Court's discussion of the "jurisdictional" nature of O'Callahan in Gosa v. Mayden, 413 U.S. 665, 93 S.Ct. 2926, 37 L.Ed.2d 873 (June 25, 1973). It is clear that the offense of absence without authority, charged against the petitioner, is service connected. Thus, our concern is not with jurisdiction but with the proper exercise of comity between civil and military tribunals.

In Parisi v. Davidson, 405 U.S. 34, 92 S.Ct. 815, 31 L.Ed.2d 17 (1972), the Supreme Court held that comity between civilian and military tribunals did not require that a civilian court stay, until a military court martial was completed a habeas corpus proceeding based on the wrongful denial of conscientious objector status. One of the reasons the court allowed civilian courts to proceed with a habeas corpus petition even though a court martial was being conducted was that the civilian proceeding did not "concern a federal district court's direct intervention in a case arising in the military court system." Parisi v. Davidson, *supra*, 405 U.S. at 41, 92 S.Ct. at 819. Indeed, the Court intimated that even though a petitioner were successful in obtaining a writ of habeas corpus based on the claim of wrongful denial of conscientious objector status, a District Court should condition its order on the completion of any lawful sentence imposed by the military authorities if the basis for the military charge has no real connection with the claim of conscientious objector status. Parisi v. Davidson, supra, 405 U.S. at 46 n. 15, 92 S.Ct. 815. If comity requires a person to serve a sentence imposed by a military tribunal for a charge unrelated to the conscientious objector claim even though the claim has been held meritorious, certainly it would be rash on our part to preclude a proper exercise of jurisdiction by the military on the bare allegations of a claim of conscientious objector status.

Furthermore, an expeditious hearing of petitioner's habeas corpus claim will avoid any irreparable harm. It appears that petitioner will not be required to serve any sentence imposed until all military modes of review are exhausted. And a grant of the habeas corpus will result in the invalidity of petitioner's military conviction if the charges against him can be said to be related to his claim for conscientious objector status. Parisi v. Davidson, *supra*, 405 U.S. at 36, 92 S.Ct. 815.