UNITED STATES, Appellee

v

DAVID A. BEEKER, Private, U. S. Army, Appellant

18 USCMA 563, 40 CMR 275

No. 21,787

September 12, 1969

*Colonel Daniel T. Ghent, Lieutenant Colonel Charles W. Schiesser, Major David J. Passamaneck, Captain Norman L. Blumenfeld, Captain Henry C. Chappell, Jr.*, and *Captain Monte Engler* were on the pleadings for Appellant, Accused.

*Lieutenant Colonel David Rarick, Major R. Kevin McHugh, Major Edwin P. Wasinger,* and *Captain James L. Rider* were on the pleadings for Appellee, United States.

### Opinion of the Court

QUINN, Chief Judge:

On his plea of guilty, the accused stands convicted by a general court-martial of the following offenses:

1. Importing marihuana into the United States contrary to 21 USC § 176a (specification 1).

2. Concealment and facilitation of the transportation of marihuana contrary to 21 USC § 176a (specification 2).

3. Wrongful possession of marihuana at Fort Sam Houston, Texas (specification 3).

4. Wrongful use of marihuana while en route from Laredo, Texas, to San Antonio, Texas (specification 4).

5. Wrongful use of marihuana at Fort Sam Houston, Texas (specification 5).

We granted review because we had under consideration in United States v Borys, 18 USCMA 547, 40 CMR 259, the constitutional limitation on the power of a court-martial to try certain kinds of offenses as promulgated by the Supreme Court of the United States in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969). The separate opinions in *Borys* indicate the following conclusions for the disposition of this appeal.

1. As to the offense alleged in specification 4, use of marihuana in an area outside the special territorial jurisdiction of the United States is not a Federal civilian crime. See 26 USC § 4741, *et seq.* Similarly, use of marihuana in a Federal territory or enclave, as alleged in specification 5, is not, as such, defined as a Federal offense by specific act of Congress. Texas statutes regulating transactions in marihuana and narcotics appear not to proscribe the specific act of use as distinguished from the act of possession. Vernon's Annotated Penal Code of the State of Texas, Article 725b, *et seq.* It would appear, therefore, that use of marihuana on or off a military installation, such as Fort Sam Houston, is an act separate from possession and is not a crime cognizable in a civilian court. Such conduct is, however, a violation of the

564

Uniform Code of Military Justice as conduct to the prejudice of good order and discipline or to the discredit of the armed forces. United States v Williams, 8 USCMA 325, 24 CMR 135.

Apart from the specifics of Federal and State law, use of marihuana and narcotics by military persons on or off a military base has special military significance. In United States v Williams, supra, we noted that the use of these substances has "disastrous effects . . . on the health, morale and fitness for duty of persons in the armed forces" and we held that the triers of the facts could find "that under the circumstances, the conduct of the accused [by such use] was to the prejudice of good order and discipline in the armed forces." Id.; at page 327. As a result, the circumstance of "no military significance," described in O'Callahan as an essential condition for the limitation on court-martial jurisdiction, is not present as to the offenses alleged in specifications 4 and 5. We hold that the military had jurisdiction to try the accused for these offenses.

2. As with the case of use of marihuana, possession of marihuana by military persons is a ■■■■■■■ matter of immediate and direct concern to the military as an act intimately concerned with prejudice to good order and discipline or to the discredit of the armed forces. United States v West, 15 USCMA 3, 34 CMR 449. See also United States v Brice, 17 USCMA 336, 38 CMR 134. Like wrongful use, wrongful possession of marihuana and narcotics on or off base has singular military significance which carries the act outside the limitation on military jurisdiction set out in the O'Callahan case. The accused, therefore, was subject to trial and properly pleaded guilty to specification 3.

3. A Federal civilian court has cognizance of the offenses alleged in specifications 1 and 2. ■■■■■■ While unlawful importation and transportation of marihuana may involve actual possession of the substance, these acts need not necessarily do so. Also, the prohibition against importation and transportation involves different considerations from the act of possession and entails the exercise of governmental powers different from regulation of the armed forces. The record of trial discloses no circumstances surrounding the commission of the offenses to relate them specially to the military. These offenses were not, therefore, triable by court-martial.

The decision of the board of review as to specifications 1 and 2 is reversed. The findings of guilty of specifications 1 and 2 are set aside and those specifications are ordered dismissed. The record of trial is returned to the Judge Advocate General of the Army for submission to the Court of Military Review for redetermination of the sentence upon the basis of the remaining findings of guilty.

Judges FERGUSON and DARDEN concur.