

No. 21,948
September 19, 1969

*Commander E. M. Fulton, Jr.,* JAGC, USN, was on the pleadings for Appellant, Accused.

*Lieutenant Anthony A. Derezinski,* JAGC, USNR, was on the pleadings for Appellee, United States.

### Opinion of the Court

DARDEN, Judge:

UNITED STATES, Appellee

v

CORNELIUS J. DeRONDE, Lance Corporal,
U. S. Marine Corps, Appellant

18 USCMA 575, 40 CMR 287

No. 21,973
September 19, 1969

*Francis C. O'Brien, Esquire,* and *Captain Jeffery W. Maurer,* USMC, were on the pleadings for Appellant, Accused.

*Colonel C. R. Larouche,* USMC, and *Captain Lester G. Fant, III,* USMCR, were on the pleadings for Appellee, United States.

DARDEN, Judge:

Accused pleaded guilty under specification 1 of the charge to possessing marihuana cigarettes at Camp Pendleton, California, and under specification 2 to possessing marihuana cigarettes at Apartment 2, 511 East Culver Street, Phoenix, Arizona, in violation of Article 134, Uniform Code of Military Justice, 10 USC §934.

The inquiry into the adequacy of DeRonde's plea of guilty is comparable to the inquiry found in United States v Care, 18 USCMA 535, 40 CMR 247. DeRonde's acknowledgment of guilt while testifying in mitigation convinces us that his plea is provident. However, the procedure followed in this case would not meet the standard that must apply to cases tried thirty days after the decision in United States v Care, supra.

Both offenses here charged are "service connected" within the meaning of O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969). See United States v Beeker, 18 USCMA 563, 40 CMR 275.

Accordingly, the decision of the board of review is affirmed.

Chief Judge QUINN concurs.

FERGUSON, Judge (concurring in the result).

I concur in the result.

I agree, as the principal opinion holds, that the court-martial had jurisdiction to try the accused for the two specifications of possession of marihuana. O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969), and United States v Beeker, 18 USCMA 563, 40 CMR 275. However, I concur only in the result with reference to the inquiry into the adequacy of DeRonde's plea of guilty for the reasons set forth in my dissent in United States v Care, 18 USCMA 535, 40 CMR 247.