UNITED STATES, Appellee

v

CALVIN ROSE, Airman First Class,
U. S. Air Force, Appellant

19 USCMA 3, 41 CMR 3

No. 21,715

October 3, 1969

*Colonel Bertram Jacobson* argued the cause for Appellant, Accused.

*Major Donald B. Strickland* argued the cause for Appellee, United States. With him on the brief was *Colonel James R. Thorn*.

## Opinion of the Court

FERGUSON, Judge:

The accused was convicted of one specification of unlawful possession of barbiturates and two specifications of unlawful delivery of barbiturates to another airman, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. The convening authority disapproved and dismissed the specification alleging possession. We granted review to determine the validity of the accused's conviction in light of the Supreme Court's decision in O'Callahan v Parker, 395 US 258, 23

**3**

L Ed 2d 291, 89 S Ct 1683 (1969). In addition, the case was certified to this Court by the Judge Advocate General of the Air Force on the following question:

Was the board of review correct in holding that the law officer's instructions concerning the wrongfulness of the conduct alleged in specifications 1 and 2 of the charge (unlawful delivery) were not prejudicially erroneous?

We consider first the jurisdictional issue.

In United States v Castro, 18 USCMA 598, 40 CMR 310, where the accused was convicted of two specifications of violation of a general regulation by unlawfully possessing barbiturates, we said:

". . . Unlawful possession and use of such drugs is, in our opinion, detrimental to the 'health, morale and fitness for duty of persons in the armed forces' (United States v Williams, 8 USCMA 325, 327, 24 CMR 135), and the regulation proscribing such conduct, whether on or off base, relates to a matter that is clearly 'service connected.' O'Callahan v Parker, supra; cf. United States v Beeker, 18 USCMA 563, 40 CMR 275. These offenses are, therefore, properly triable by court-martial."

In United States v Beeker, 18 USCMA 563, 40 CMR 275, we held that the use of marihuana on or *off base* was "service connected."

In the case at bar the record reflects that on two occasions the accused delivered to another serviceman capsules known as "Blue Tips" and "Red Devils." On examination, these capsules were found to contain a barbiturate—secobarbital sodium. The offenses, according to the evidence, occurred off base and were in actuality a sale, for money was exchanged for the drugs between the accused and the recipient.

In our opinion, the unlawful *delivery* of prohibited drugs to another serviceman, whether on or off base, is as "service connected" (O'Callahan v Parker, supra) as the *possession* ▪ thereof found in *Castro*.

By his action, the accused served as a conduit for the unlawful possession by another. The deleterious effect on the health, morale, and fitness for duty of persons in the armed forces is the same.

We hold, therefore, that the court-martial had jurisdiction over the charged offenses. United States v Castro, supra.

With regard to the certified question, the law officer, after instructing the court on the elements of the wrongful and unlawful delivery of barbiturates, told the members:

"The court is advised that delivery of a barbiturate may be found to be wrongful unless the contrary appears. A person's delivery of a barbiturate is not wrongful when he is authorized by law to make such a delivery or when he makes a delivery in the performance of his duty."

In United States v Blau, 5 USCMA 232, 238, 17 CMR 232, we said:

". . . It is well settled that, where an exception does not constitute part of an offense, but operates merely to remove the taint of criminality from an act otherwise prohibited by law, the burden rests on one charged with a violation of the statute to bring himself within the exception. McKelvey v United States, 260 US 353, 67 L Ed 301, 43 S Ct 132; 7 Fifths Old Grand-Dad Whiskey v United States, 158 F2d 34 (CA 10th Cir); Green, Moore and Co. Inc. v United States, 19 F2d 130 (CA 5th Cir); Williams v United States, . . . [138 F2d 81 (CA DC Cir)]."

Compare United States v Gohagen, 2 USCMA 175, 7 CMR 51.

Regarding this principle of law, we held in United States v Mallow, 7 USCMA 116, 21 CMR 242, that in such circumstances it was incumbent upon an accused either to raise an issue that he was within the exception or suffer

4

the court to infer that his acts were outside the pale of the exception.

In the instant case, the law officer's instruction did not stress that any burden fell upon the accused; merely that if, as he had instructed, the court was satisfied beyond a reasonable doubt that the accused did, at the time and place alleged, deliver a barbiturate, they were justified in inferring that such delivery was wrongful unless there was some evidence to the contrary. He then went on to advise the court of the two exceptions when delivery of a barbiturate would not be wrongful.

The unlawful possession, sale, delivery, and disposal of barbiturates is proscribed by section 360a, Title 21, United States Code. Violation of this statute is properly chargeable under Article 134, Code, supra. United States v Turner, 18 USCMA 55, 39 CMR 55. The exceptions noted in the Federal statute, though listed in more detail, generally comport with those identified by the law officer in this case. Regarding possession (section 360a(c)), the statute specifically places upon the Government the burden of proving that *possession* of barbiturates does not come within the enumerated exceptions. No such burden is specified for cases involving *sale, delivery*, or *disposal* (section 360a(b)). In consequence, it would appear that the exception, in a case involving unlawful delivery, is not a part of the statute and that the accused is responsible for producing evidence that he is included therein or suffer the court to infer that his acts are outside the pale of the exception. United States v Mallow and United States v Blau, both supra.

We find no error in the law officer's instruction and answer the certified question in the affirmative.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge DARDEN concur.