Michael J. DIORIO, Petitioner-Appellant,

v.

Brigadier General George H. McBRIDE, Installation Commander, Redstone Arsenal, Alabama, et al., Respondents-Appellees.

No. 28961
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Sept. 10, 1970.

---

* Mr. Justice Blackmun, who sat on this panel as a member of this Court before his elevation to the United States Supreme Court, did not participate in the consideration or decision of this case.

** Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir., 1970, 431 F.2d 409, Part I.

Smith, Lammons & Weaver, Macon L. Weaver, Huntsville, Ala., for petitioner-appellant.

Wayman G. Sherrer, U. S. Atty., E. Ray Acton, Asst. U. S. Atty., Birmingham, Ala., for respondents-appellees.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

Diorio appeals from the denial of a writ of habeas corpus, by which he sought release from military custody and from being tried by a court martial. See Diorio v. McBride, 306 F.Supp. 528 (N.D.Ala.1969). We affirm.

Pfc. Diorio is charged with use and possession of marijuana. The offense allegedly took place while Diorio and two other enlisted men (both of whom have since been convicted by court martial of possession of marijuana) were off duty and dressed in civilian clothes, though not on leave. The facts on which the charge is based occurred within the confines of Redstone Arsenal, a military installation. Diorio was driving a civilian automobile registered with the military installation.

Under O'Callahan v. Parker, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969), the touchstone of military jurisdiction over crimes committed by men in military service is "service connection" or "military significance." 395 U.S. 258, 261, 272–274, 89 S.Ct. 1683, 23 L.Ed.2d 291, 295, 301–302. Whether the crime is service-connected or militarily significant is a matter to be determined on a case by case basis, taking into account such factors as the nature of the crime, the status (i. e. military or civilian) of the victim and the circumstances surrounding the commission

of the crime. Silvero v. Chief of Naval Air Basic Training, (5 Cir., 1970) 428 F.2d 1009.

 The alleged offense occurred on a military base. All offenders were military personnel. There were no civilian victims. Though the offenders were off duty and out of uniform, they might be recalled to duty at any time. (The petitioner was a military policeman.) Finally, on-base possession and use of marijuana could adversely affect the good order and discipline of the military encampment. United States v. Beeker, 18 U.S.C.M.A. 563, 6 Cr.L. 2017 (1969). Cf. United States v. Pieragowski, U.S. C.M.A., 7 Cr.L. 2315 (1970) (smuggling marijuana on a military charter flight held not service connected). These factors provide adequate service connection.

Affirmed.