UNITED STATES, Appellee

v

LARRY D. MORLEY, Private First Class,
U. S. Army, Appellant

20 USCMA 179, 43 CMR 19

No. 22,988

December 4, 1970

*Captain Norman L. Blumenfeld* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent* and *Captain Monte Engler.*

*Captain John C. Lenahan* argued the cause for Appellee, United States. With him on the brief were *Colonel David T. Bryant* and *Captain Benjamin G. Porter.*

## Opinion of the Court

FERGUSON, Judge:

Since the offenses of which the accused has been convicted, sale of marihuana and LSD, in violation of Articles 134 and 92, Uniform Code of Military Justice, 10 USC §§ 934 and 892, occurred off base in the civilian community of Manhattan, Kansas, and the purchaser was a civilian, appellate defense counsel contend that the court-martial lacked jurisdiction to try these offenses on the basis of the Supreme Court's opinion in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969). We agree. United States v Borys, 18 USCMA 547, 40 CMR 259 (1969). Cf. United States v Beeker, 18 USCMA 563, 40 CMR 275 (1969).

In essence, the Supreme Court held in O'Callahan, supra, that in order for court-martial jurisdiction to attach, the offense charged must in some way be *service-connected.*

The Court of Military Review, in this case sitting *en banc,* held, in a 6–5 decision, that service-connection could be found in the fact that the accused, by virtue of the sale, could be considered to have possessed the marihuana and LSD and thus to come within the purview of this Court's opinions in *Beeker,* supra, and United States v Rose, 19 USCMA 3, 41 CMR 3 (1969).

In *Beeker,* we held at page 565:

". . . [W]rongful possession of marihuana and narcotics on or off base has singular military significance which carries the act outside the limitation on military jurisdiction set out in the *O'Callahan* case."

And in *Rose,* where the accused was charged, among other offenses, with the unlawful delivery of barbiturates *to another airman,* we said at page 4:

"In our opinion, the unlawful *delivery* of prohibited drugs to another

**179**

serviceman, whether on or off base, is as 'service connected' (O'Callahan v Parker, supra) as the *possession* thereof found in *Castro* [18 USCMA 598, 40 CMR 310 (1969)]. By his action, the accused served as a conduit for the unlawful possession by another. The deleterious effect on the health, morale, and fitness for duty of persons in the armed forces is the same."

The short answer to the position taken by the majority of the Court of Military Review is that the accused simply was not charged with *possession* of marijuana and LSD nor with their delivery (sale) *to another serviceman*. He was charged only with the off-base *sale* of these prohibited items to a member of the civilian community, a Federal narcotics agent. Compare *Beeker*, supra; United States v Pieragowski, 19 USCMA 508, 42 CMR 110 (1970); and United States v Hughes, 19 USCMA 510, 42 CMR 112 (1970), where we dismissed charges of smuggling marihuana into the United States on the ground that it was not service-connected. In each of these cases, the charges of smuggling alleged a violation of Title 21, section 176(a) of the United States Code. We have already held that possession of marihuana is not a lesser included offense to a charge of sale of this prohibited substance. United States v Maginley, 13 USCMA 445, 32 CMR 445 (1963). The rationale of *Maginley* as to the sale *vis-a-vis* possession of marihuana applies with equal justification to the sale of LSD.

Since the charged offenses were not service-connected and were triable in the civilian courts, we hold that the court-martial was without jurisdiction to proceed. O'Callahan v Parker and United States v Borys, both supra.

The decision of the Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Army. The charges and their specifications are ordered dismissed.

Judge DARDEN concurs.

QUINN, Chief Judge (dissenting):

I would affirm the exercise of court-martial jurisdiction in the circumstances of this case. See my dissent in United States v Borys, 18 USCMA 547, 40 CMR 259 (1969).