July 7, 1971

No. 71–27  James W. Gibbs, LCPL, U. S. Marine Corps v United States.

On consideration of the "Application for Writ of Prohibition" filed in the above-entitled action, it appearing that said application is predicated upon the contention that court-martial jurisdiction does not exist in view of the existence of "a judicial system in the civilian community of the Ryukyu Islands which provides all of the constitutional protections and safeguards in criminal trials to which American citizens are entitled"; and it further appearing that petitioner is presently charged with wrongful possession of hypodermic syringes and needles in violation of Article 92, Uniform Code of Military Justice, 10 USC, Sec. 892, and with the wrongful possession of 43.82 grams of heroin and the wrongful sale of heroin, both in violation of Article 134, Uniform Code, supra, 10 USC, Sec. 934, offenses over which courts-martial necessarily have jurisdiction whether committed on or off base (United States v Beeker, 18 USCMA 563, 40 CMR 275 (1969)), it is, by the Court, this 7th day of July 1971,

ORDERED:

That said application be, and the same is, hereby dismissed.

No. 71–28  Rory J. Sutton, 2LT, U. S. Army v United States; LTC George R. Davis, Commanding Officer, USASTRATCOM Southeast Asia Signal School # 1, APO San Francisco 96491; Stanley R. Resor, Secretary of the Army; and Melvin R. Laird, Secretary of Defense.

On consideration of the Petition for a Writ of Prohibition and for a Writ of Mandamus, filed in the above-entitled action, it appearing that said Petition is addressed to contemplated administrative proceedings pursuant to Army Regulations 635–100, and that no court-martial charges are pending or contemplated, it is, by the Court, this 7th day of July 1971,

ORDERED:

That said Petition be, and the same hereby is, dismissed for lack of jurisdiction. See, In re Taylor, 12 USCMA 427, 31 CMR 13 (1961).