**UNITED STATES ex rel. Richard E. JOY**

v.

**Stanley R. RESOR, Secretary of the United States Department of the Army.**

**Civ. A. No. 6281.**

United States District Court,
D. Vermont.

May 9, 1972.

J. Morris Clark, Vermont Legal Aid, Inc., St. Albans, Vt., for plaintiff.

Norman Cohen, Esq., Asst. U. S. Atty., Rutland, Vt., for defendant.

## OPINION AND ORDER RE MOTION TO DISMISS AND MOTION TO COMPEL DISCOVERY

OAKES, Circuit Judge, sitting by designation.

Petitioner has moved that this court order that certain documents be produced and that petitioner's interrogatories be answered. The motion is granted as set forth below.

Respondent has moved to dismiss a petition for a writ of mandamus brought pursuant to 28 U.S.C. § 1361 by a re-enlistee against the Army for failure to perform three ministerial duties allegedly owing to petitioner:

(1) To make certain that petitioner qualified for radiobroadcast school before re-enlisting him, when part of the inducement for a re-enlistment was the expectation of such training;

(2) To permit petitioner to perfect his application to radiobroadcast school and to rule on that application;

(3) To review petitioner's complaint of the Army's failure to perform the duties above mentioned.

Rather, petitioner alleges the Army ordered him summarily to report to Flight Operations School at Fort Rucker, Alabama, explaining only that petitioner had not submitted a required voice tape with his application, a requirement of which, petitioner claims, he was never notified.

The grounds for respondent's motion to dismiss are two: (1) mandamus is not an available remedy in this case; (2) that petitioner has not exhausted his administrative remedies.

## I. Availability of Mandamus

■■ It is clear that there is postinduction jurisdiction to order the armed forces to obey their own regulations developed for the protection of servicemen. E. g., Naskiewicz v. Lawver, 456 F.2d 1166 (2d Cir. 1972); United States ex rel. Donham v. Resor, 436 F.2d 751 (2d Cir. 1971). And it is equally clear that mandamus will lie to enforce this requirement. E. g., Cortright v. Resor, 447 F.2d 245, 250 (2d Cir. 1971), cert. denied, 405 U.S. 965, 92 S.Ct. 1172, 31 L.Ed.2d 240 (1972); Feliciano v. Laird, 426 F.2d 424, 429 (2d Cir. 1970); Schatten v. United States, 419 F.2d 187, 191–192 (6th Cir. 1969); Smith v. Resor, 406 F.2d 141, 147 (2d Cir. 1969).

Whether the petitioner has a right to the relief he seeks and whether the respondent has a ministerial duty to perform the acts in dispute [1] are questions that cannot be answered in the posture of a motion to dismiss but must await a decision on the merits, so long as the petitioner makes out a *prima facie* case. This the petitioner has done here.

■ The respondent contends that since habeas corpus is available to the petitioner in Alabama, where the petitioner has been ordered to report, mandamus is not available here.[2] It need

---

[1]. See Carter v. Seamans, 411 F.2d 767, 773 (5th Cir. 1969), cert. denied, 397 U.S. 941, 90 S.Ct. 953, 25 L.Ed.2d 121 (1970):

Generally speaking, before the writ of mandamus may properly issue three elements must coexist: (1) a clear right in the plaintiff to the relief sought; (2) a clear duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available.

This court must admit that it cannot see how (1) and (2) provide any more stringent prerequisites for mandamus than are necessary for the granting of any type of relief. But see Cortwright v. Resor, 447 F.2d 245, 250–51 (2d Cir. 1971), cert. denied, 405 U.S. 965, 92 S. Ct. 1172, 31 L.Ed.2d 240 (1972). A right and a corresponding duty must always exist for relief to be granted. And it is difficult to see how the adjective "clear" has any practical meaning. Surely if, in a decision on the merits, a right and corresponding duty are found to exist, relief should not be denied simply because the court has had to resolve a close question of law to determine the existence of the right and duty. Perhaps the requirement of a "clear right" and a corresponding "clear duty" is simply a different formulation of the oft-repeated statement that mandamus will lie only to enforce a "ministerial" duty, to require the exercise of discretion, or to prevent abuse of discretion. See, e. g., K. Davis, Administrative Law 460 (2d ed. 1965). But these magical words do not relate only to mandamus; although they are not very useful, they can be applied to all forms of actions. As one commentator has noted, "if an official has been delegated a discretionary power, his valid exercise of that discretion should not be corrected by the judiciary in *any* form of action . . . ." Thus "the terms 'ministerial,' 'discretionary,' and 'clear duty to act' more often obscure than facilitate analysis." Byse & Fiocca, Section 1361 of the Mandamus and Venue Act of 1962 and "Nonstatutory" Judicial Review of Federal Administrative Action, 81 Harv.L.Rev. 308, 332, 335 (1967) (footnote omitted). See also Century Arms, Inc. v. Kennedy, 323 F. Supp. 1002, 1005–1006 (D.Vt.), aff'd, 449 F.2d 1306 (2d Cir., Nov. 8, 1971), cert. denied, 405 U.S. 1065, 92 S.Ct. 1494, 31 L.Ed.2d 794 (1972).

[2]. The late Honorable Bernard J. Leddy, Chief Judge of this court, held that a previous petition for habeas corpus would not lie because the petitioner was not held "in custody" within the District of Vermont since no commanding officer of the petitioner was located therein. Joy v. Resor, Civ.No. 6049 (D.Vt., Nov. 13, 1970). On May 27, 1971, following Schlanger v. Seamans, 401 U.S. 487, 91 S.Ct. 995, 28 L.Ed.2d 251 (1971), the Second Circuit affirmed this decision, "without prejudice to a mandamus proceeding."

It should be noted, in passing, that the purpose of the Mandamus and Venue Act of 1962, 28 U.S.C. § 1361, was to enable litigants to sue in any district

not be decided whether the availability of habeas corpus in Alabama would be considered a sufficiently "plain, adequate and complete method of obtaining relief"[3] to preclude the issuance of mandamus were petitioner seeking only a discharge from the Army. The writ is not a complete and adequate remedy in this case because the petitioner is not merely seeking a discharge from the Army: although he would no doubt prefer discharge, lesser relief has alternatively been requested and may turn out to be the only relief to which the petitioner is entitled.

## II. *Exhaustion*

■ Has petitioner exhausted his administrative remedies? The Army does provide for requests for correction of "Unfulfilled or Erroneous Reenlistment Committments." AR 601–280; AR 635–200, ¶ 5–32. Petitioner claims, however, that he has not been permitted by the Army to avail himself of the procedures provided therein. And resort to the Army Board for Correction of Military Records is not an administrative remedy which must be exhausted under what appears to the court to be the better view. The authorities and reasoning have been well set forth in the late Chief Judge Leddy's opinion in Patterson v. Stancliff, 330 F.Supp. 110, 112–113 (D.Vt.1971). See also the recent developments in Parisi v. Davidson, 405 U.S. 34, at 38 n.3, 92 S.Ct. 815, 31 L. Ed.2d 17 (1972); Bratcher v. McNamara, 448 F.2d 222, 224 (9th Cir. 1971). Respondent argues that Michaelson v. Herren, 242 F.2d 693 (2d Cir. 1957) requires a contrary result. But *Michaelson* construed a somewhat different statute, although it did make reference, in footnote 4, to the statute here in question (10 U.S.C. § 1552). In light of the present state of the law, and the leg-

islative history of 10 U.S.C. § 1552, it is unlikely that the Second Circuit would today require application to the Army Board for Correction of Military Records before judicial action could be taken.

Motion to dismiss denied; restraining order continued. Motion to compel granted; documents to be produced and interrogatories answered within twenty days from the date of this order.

court rather than requiring travel to the District of Columbia. 2 J. Moore, Federal Practice ¶ 4.29, at 1210–11 (1970).

3. For cases using such adjectives, see, e. g., Sound Investment & Realty Co.
v. Harper, 178 F.2d 274, 277 (8th Cir. 1949); Clark v. Memolo, 85 U.S.App. D.C. 65, 174 F.2d 978, 981 (1949). See also United States ex rel. Girard Trust Co. v. Helvering, 301 U.S. 540, 544, 57 S.Ct. 855, 81 L.Ed. 1272 (1936).