Denzil **REDMOND** et al., Petitioners,

v.

Honorable John **WARNER**, Secretary of the Navy, et al., Respondents.

Civ. No. 73–3741.

United States District Court,
D. Hawaii.

Feb. 20, 1973.

John S. Edmunds, Mattoch, Edmunds, Kemper & Brown, Honolulu, Hawaii, for petitioners.

William J. Eggers, III, Asst. U. S. Atty., Honolulu, Hawaii, for respondents.

## DECISION PRELIMINARY INJUNCTION ORDER RELEASING PETITIONERS

SAMUEL P. KING, District Judge.

Petitioners are four enlisted marines who are charged variously with possession and sale of controlled substances to an undercover C.I.D. agent. Each petitioner has been charged under the Uniform Code of Military Justice with two offenses in connection with each transaction, one offense being the illegal possession of a controlled substance and the other offense being the illegal sale of the same substance at the same place and time.

REDMOND is charged under Article 92 for the possession and sale on December 8, 1972, of 20 capsules of barbital, and under Article 134 for the possession and sale on December 6, 1972, of .0922 gram of heroin.

RODGERS is charged under Article 134 for the possession and sale on December 3, 1972, of 90 milligrams of cocaine and of 2.5 grams of hashish, and for the possession and sale on December 4, 1972, of 468 grams of marijuana.[1]

LUCAS is charged under Article 134 for the possession and sale on December 5, 1972, of 411 grams of marijuana, and for the possession and sale on December 14, 1972, of 252 grams of marijuana.

---

1. RODGERS is also charged under Article 86 on two specifications of unauthorized absence from his unit. Those charges are not involved in these proceedings.

PORTER is charged under Article 134 for the possession and sale on December 11, 1972, of 21 grams of marijuana.

All offenses took place off-base while the accused were off-duty and in civilian clothing. The undercover agent was also in civilian clothing but did not misrepresent his status and there is evidence from which it may be inferred that one or more of the accused understood at the time that he was a member of the armed forces.[2]

All four petitioners have been held in confinement by the military since December 22, 1972, pending disposition of these charges.[3]

Notwithstanding *Schroth*[4] and the authorities therein cited, the Staff Judge Advocate, 1st Marine Brigade, Fleet Marine Force, has advised the Commanding General, 1st Marine Brigade, that the charges and specifications detailed above allege offenses under the Uniform Code of Military Justice. Trial by general court-martial has been ordered for REDMOND, ROGERS, and LUCAS. Trial by special court-martial has been ordered for PORTER.

Petitioners seek release from confinement by way of habeas corpus under 28 U.S.C. § 2241 et seq., and a preliminary injunction pursuant to 28 U.S.C. § 1331[5] and/or 28 U.S.C. § 1651 and/or 28 U.S.C. § 1361[6] enjoining further proceedings by military authorities on these charges and specifications.

Respondents resist the writ and the injunction on the grounds that (1) petitioners have not exhausted their military remedies, and (2) the offenses charged are "service-connected".

Generally speaking, habeas corpus petitions from military prisoners should not be entertained by federal civilian courts until all available remedies within the military court system have been invoked in vain.[7] This same general rule applies to ancillary matters such as release from confinement pending pursuit of military remedies.[8]

It is clear, however, that habeas corpus lies without prior exhaustion of military remedies when the issue presented is whether the petitioner can constitutionally be made subject to military jurisdiction.[9]

It should be equally clear that habeas corpus lies without prior exhaustion of military remedies when the issue presented is whether the offense can constitutionally be made subject to military jurisdiction.[10]

---

2. For purposes of this decision, the factual allegations upon which respondents rely are taken to be substantially true.

3. PORTER has been jailed longer than the period of the usual sentence for his offenses.

4. Schroth v. Warner, 353 F.Supp. 1032, Civil No. 73–3726 in this court, filed January 31, 1973.

5. The jurisdictional amount as to each petitioner is alleged. For purposes of this decision, I assume that the requirement can be met. In this connection, the discussion in Fein v. Selective Serv. Sys. Local Bd. No. 7, Yonkers, N.Y., 430 F.2d 376 (2nd Cir. 1970), aff'd, 405 U.S. 365, 92 S.Ct. 1062, 31 L.Ed.2d 298 (1971), may be helpful.

6. Judge Hemphill discusses mandamus and military justice in Parrish v. Seamans, 343 F.Supp. 1087 (D.S.C.1972). Compare United States ex rel. Joy v. Resor, 342 F.Supp. 70 (D.Vermont 1972).

7. Gusik v. Schilder, 340 U.S. 128, 71 S.Ct. 149, 95 L.Ed. 146 (1950); Noyd v. Bond, 395 U.S. 683, 89 S.Ct. 1876, 23 L.Ed.2d 631 (1969).

8. Noyd v. Bond, 395 U.S. 683, 89 S.Ct. 1876, 23 L.Ed.2d 631 (1969).

9. Toth v. Quarles, 350 U.S. 11, 76 S.Ct. 1, 100 L.Ed. 8 (1955); Reid v. Covert, 354 U.S. 1, 77 S.Ct. 1222, 1 L.Ed.2d 1148 (1957); Hemphill v. Moseley, 443 F.2d 322 (10th Cir. 1971).

10. Lyle v. Kincaid, 344 F.Supp. 223, 224 (D.M.D.Fla.1972); Cole v. Laird, 468 F.2d 829 (5th Cir. 1972); United States ex rel. Jacobs v. Froehlke, 334 F.Supp. 1107 (D.D.C.1971), semble. This issue was specifically avoided in Silvero v. Chief of Naval Air Basic Training, 428 F.2d 1009 (5th Cir. 1970). But cf. Locks

*Moylan* [11] and *Schroth* held that relief pursuant to 28 U.S.C. § 1331 would also lie without prior exhaustion of military remedies to enjoin court-martial proceedings for an offense which cannot constitutionally be made subject to military jurisdiction.[12]

In either case, whether a petitioner claims that military jurisdiction cannot constitutionally extend to him or to his offense, there is no principle of justice that requires him to go through the experiences, expenses, and delays of being arrested, subjected to pre-trial confinement, investigated, tried, denied relief on appeals, and incarcerated, before being permitted to invoke constitutional protections before an Article III court.

A court-martial is not yet an independent instrument of justice but remains to a significant degree a specialized part of the overall mechanism by which military discipline is preserved.[13]

There is even more reason for early relief through the civilian courts where the offenses sought to be tried by courts-martial involve controlled substances.

*Moylan, Lyle,* and *Schroth* held that possession of marijuana by a serviceman while off-base off-duty and not in uniform cannot constitutionally be an offense triable by court-martial.[14]

Military courts take the contrary view.[15]

*Morley* [16] held that the sale of marijuana and LSD by a serviceman while off-base off-duty and not in uniform, to a civilian, was not a "service-connected" offense. *Blancuzzi* [17] held that the offense was still not "service-connected" if the purchaser, while not a civilian, was an undercover C.I.D. agent. Yet the Staff Judge Advocate has advised the Commanding General that the conduct charged against petitioners did constitute offenses under the Uniform Code of Military Justice.

Thus, it is likely and probable that petitioners will not receive sympathetic consideration of their constitutional claims within the military justice system.

■ Under the circumstances, neither exhaustion of remedies nor comity require dismissal or stay of these proceedings.[18]

v. Laird, 441 F.2d 479 (9th Cir. 1971), cert. denied 404 U.S. 986, 92 S.Ct. 446, 30 L.Ed.2d 370 (1971); *see* Diorio v. McBride, 306 F.Supp. 528 (N.N.D.Ala. 1969), aff'd on other grounds, 431 F.2d 730 (5th Cir. 1970).

11. Moylan v. Laird, 305 F.Supp. 551 (D.R.I.1969).

12. *But see* Torres v. Connor, 329 F.Supp. 1025 (D.N.D.Ga.1969) (three-judge court).

13. See O'Callahan v. Parker, 395 U.S. 258, 265, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969); Parisi v. Davidson, 405 U.S. 34, 51, 92 S.Ct. 815, 31 L.Ed.2d 17 (1972).

14. District Judge Allgood was faced with an early post-*O'Callahan* alleged marijuana offense by a serviceman in Diorio v. McBride, 306 F.Supp. 528 (N.N.D.Ala. 1969), aff'd 431 F.2d 730 (5th Cir. 1970). Court-martial jurisdiction was being asserted for possession and use of marijuana while on-base but off-duty and in civilian clothes. Military jurisdiction was upheld.

15. See United States v. Beeker, 18 USCMA 563, 40 CMR 275 (1969); United States v. DeRonde, 18 USCMA 575, 40 CMR 287 (1969); United States v. Morley, CM 420762, 41 CMR 410 (1970), reversed on other grounds, 20 USCMA 179, 43 CMR 19 (1970). In *Morley*, Judge Hagopian for the court of military review discusses and rejects the reasoning and holding of *Moylan*. Footnote 3 on page 1012 of Silverio v. Chief of Naval Air Basic Training, 428 F.2d 1009 (5th Cir. 1970) lists military decisions relating to other off-base crimes.

16. United States v. Morley, 20 USCMA 179, 43 CMR 19 (1970).

17. United States v. Blancuzzi, NCM 722308 (1972).

18. Compare Parisi v. Davidson, 405 U.S. 34, 92 S.Ct. 815, 31 L.Ed.2d 17 (1972); McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969).

On the record before me at this time, and on the authority of *O'Callahan, Moylan, Lyle, Cole, Schroth, Morley*, and *Blancuzzi*,[19] I conclude that the above offenses charged against petitioners are not offenses that can constitutionally be tried by court-martial. Thus, on the merits, petitioners are entitled to the relief sought.

The verified petition for a writ of habeas corpus and accompanying motion for preliminary injunction, with attached affidavits, were filed herein on January 29, 1973. On January 31, 1973, an ex parte motion for a temporary restraining order was denied, and an order to show cause why the writ and the preliminary injunction should not be granted was issued returnable February 8, 1973. A hearing was held on the return day. The issues were briefed and argued.

It is, therefore, ordered:

1. Respondents and each of them, their agents, servants, employees, and all persons in active concert or participation with them, are enjoined pending final disposition of this petition from allowing, directing or permitting trial by court-martial of petitioners or any of them on the charges and specifications detailed above.

2. Petitioners and each of them shall be released from confinement in connection with such charges and specifications as soon as practicable but not later than noon of Thursday, February 22, 1973.[20]

This decision and order shall constitute the findings of fact and conclusions of law required by Rule 52, F.R.Civ.P.

---

19. O'Callahan v. Parker, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969); Moylan v. Laird, 305 F.Supp. 551 (D.R.I. 1969); Lyle v. Kincaid, 344 F.Supp. 223, 224 (D.M.D.Fla.1972); Cole v. Laird, 468 F.2d 829 (5th Cir. 1972); Schroth v. Warner, 353 F.Supp. 1032, Civil No. 73–3726 (D.Hawaii 1973); United States v. Morley, 20 USCMA 179, 43 CMR 19

(1970); United States v. Blancuzzi, NCM 722308 (1972).

20. If petitioners are in custody for other reasons, this order is not intended to reach that situation. The delay of two days is deliberately provided to give respondents an opportunity to appeal or take such other steps as may be appropriate.