DEBORAH M. RAINVILLE, U. S. Navy, Petitioner

v

H. B. LEE, Captain, U. S. Navy, Respondent

Miscellaneous Docket No. 73-42

September 13, 1973

*David F. Addlestone, Esquire,* counsel for Petitioner.

## MEMORANDUM OPINION OF THE COURT

By this petition for writ of prohibition, petitioner seeks to bar her trial by special court-martial on charges alleging, in 6 specifications, violations of Article 92, Uniform Code of Military Justice, 10 USC § 892, by wrongful possession, use, and sale to a fellow service member of marihuana. She avers that the alleged offenses occurred while she was off duty, off base and out-of-uniform, as was the person to whom the sale was allegedly made. Thus, it is contended, the court-martial to which the pending charges have been referred for trial is without jurisdiction. O'Callahan v Parker, 395 US 258 (1969).

In United States v Beeker, 18 USCMA 563, 40 CMR 275 (1969), this Court examined the effect of O'Callahan v Parker, supra, upon the jurisdiction of courts-martial over the offenses of use and possession of marihuana committed beyond the limits of a military reservation. We there held that because of the particular significance of the effect of such offenses, wherever committed, upon the fitness for duty of persons in the armed forces, and because of their manifest tendency to prejudice good order and discipline in the armed forces, courts-martial continue properly to exercise jurisdiction of such cases. See also United States v Rose, 19 USCMA 3, 41 CMR 3 (1969); United States v Castro, 18 USCMA 598, 40 CMR 310 (1969). In United States v Morley, 20 USCMA 179, 43 CMR 19 (1970), an off-post sale of marihuana and LSD to a civilian was held to have no such service connection as would permit the exercise of court-martial jurisdiction. And in United States v Teasley, 22 USCMA 131, 46 CMR 131 (1973), we indicated the offense charged must have a direct effect upon the fitness for duty, as distinguished from a mere potential for such a result.

In sum, we have frequently addressed ourselves to the problem presented in this petition, and despite contrary holdings by the Court of Appeals for the 5th Circuit, and by Judges of United States District Courts, cited and relied upon by petitioner,[1] we have adhered to the position first taken in United States v Beeker, supra. For us to do otherwise would require us to ignore the plain obligation of our armed forces to main-

---

[1] Cole v Laird, 468 F2d 829 (5th Cir 1972); Schroth v Warner, 353 F Supp 1032 (D. Haw. 1973); Lyle v Kincaid, 344 F Supp 223 (D. Fla. 1972); Moylan v Laird, 305 F Supp 551 (D. R.I. 1969).

tain, by proper disciplinary sanctions, the capacity of all service personnel to function as an effective force.

In view of the foregoing, we are of the opinion that the petition sets forth no legal basis for the relief requested. Accordingly, the petition is dismissed.