December 28, 1973

No. 73-67 Michael Gnip, U. S. Marine Corps v. COL W. E. Barrineau, Commanding Officer, Correctional Facility, Marine Corps Base, Quantico, Virginia 22514.

By this Petition for Writ of Habeas Corpus, petitioner seeks to challenge the jurisdiction of a special court-martial which convicted him of wrongful possession, transfer and sale of marijuana in violation of Navy regulations.[1] He alleges that the offenses occurred at his off-post residence when he was lawfully away from base, was not in uniform, was not engaged in the performance of any military duty, nor was he with anyone in uniform. Therefore, he argues, the specifications of which he was convicted alleged offenses which were not service-connected within the meaning of O'Callahan v. Parker, 395 U.S. 258 (1969), and thus, the court-martial lacked jurisdiction of the subject matter.[2]

The petition further avers that following his conviction, the court-martial sentenced petitioner to confinement at hard labor for 3 months, partial forfeitures and reduction to grade E-1.

In United States v. Snyder, 18 USCMA 480, 40 CMR 192 (1969), we held that resort to the remedies available under 28 USC § 1651 may be had only

"in aid of the exercise of our jurisdiction over cases properly before us or which may come here eventually. Our jurisdiction to hear appeals, no matter how well-founded, is set out by Congress in Code, supra, Article 67."

The sentence imposed in petitioner's case is neither reviewable as a matter of right by a Court of Military Review under Article 66, Uniform Code, su-

---

[1] Article 92, Uniform Code of Military Justice, 10 USC § 892.

[2] In Rainville v. Lee, 22 USCMA 464, 47 CMR 554 (1973), we held that courts-martial have jurisdiction of such offenses, wherever committed. See also United States v. Beeker, 18 USCMA 563, 40 CMR 275 (1969). In the absence of an allegation that the person or persons to whom he transferred and sold the marijuana in question were civilians having no connection with the military establishment, we must assume the individuals were off-duty military personnel. Compare United States v. Morley 20 USCMA 179, 43 CMR 19 (1970).

pra, 10 USC § 866, nor is petitioner entitled to an examination of the record of his trial in the office of the Judge Advocate General under Article 69, Uniform Code, supra, 10 USC § 869. Therefore, this Court is without jurisdiction to entertain his present petition. See Article 67, supra and United States v. Snyder, supra.

Accordingly, it is, by the Court, this 28th day of December 1973,

ORDERED:

That said petition be, and the same hereby is, dismissed.

Judge Duncan concurs in the result. See, United States v. Bevilacqua, et al, 18 USCMA 10, 39 CMR 10 (1968).