UNITED STATES

v.

Specialist Four Jose L. ORTIZ–NEGRON, 584–50–6505, US Army, Headquarters and Headquarters Company, 1st Battalion (Mechanized), 10th Infantry, 4th Infantry Division (Mechanized), Fort Carson, Colorado.

CM 433140.

U. S. Army Court of Military Review.

25 Sept. 1975.

Appellate counsel for the Accused: CPT J. D. Miller, JAGC; CPT Sammy S. Knight, JAGC; MAJ Richard J. Goddard, JAGC; LTC James Kucera, JAGC.

Appellate counsel for the United States: CPT Regis J. McCoy, JAGC; CPT William C. Kirk, JAGC; CPT Raymond M. Ripple, JAGC; LTC Donald W. Hansen, JAGC.

OPINION OF THE COURT

CLAUSE, Judge:

Appellant was convicted, contrary to his pleas, of two specifications of wrongfully selling, and two specifications of wrongful possession of heroin, all alleged as violations

of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892.

The issue for determination is whether the court-martial had jurisdiction over the 20 August sale of heroin. Resolution of the issue requires a factual determination and application of the *O'Callahan*[1] doctrine to the facts determined.

The appellant was convicted of having, *at Fort Carson and Colorado Springs,* on 20 August 1974, sold 1.01 grams of heroin in violation of a lawful general regulation. The location of the offense is of particular importance because of the fact that the purchaser was a civilian. Mr. Velasco, the purchaser, is a former serviceman who while on active duty worked with the Army CID as an informant in connection with the suppression of illegal drug traffic at Fort Carson. Subsequent to his discharge on 26 June 1974, he continued to work for the CID in the same capacity except that he was now compensated for his services on a per transaction basis. On 9 July 1974, Velasco purchased heroin from the appellant at the latter's barracks on-post with funds furnished by the CID. The CID also decided to make a subsequent purchase from the appellant in an effort to determine the source of his supply of drugs. On 20 August 1974, Velasco again contacted the appellant at his unit on-post and requested to buy more heroin. The appellant expressed reluctance indicating he did not want anything to do with heroin and he was no longer dealing. He was not sure he could get anything but after Velasco persisted in his efforts the appellant told Velasco to call him later at an apartment in town where he was staying and he would confirm whether or not he would be able to get the heroin. Velasco testified that it's very common for dealers to state that they are not dealing or that they can't get the drugs. This was pretty much routine dealer's language of those who think they are being careful. The appellant used this sort of language on the occasion of both purchases. Later the *same* evening Velasco called from the on-post CID office to the off-post telephone number he had been furnished. At that time the appellant told him that he had been able to get the heroin for him and to come by the house in about an hour to pick it up. Velasco visited the off-post residence and received the heroin for which he paid $100.00 in funds furnished by the CID.

■ Based upon all the facts in this case, we are satisfied that the appellant was not entrapped by the Government's agents nor was the appellant acting as an agent for Velasco in procuring the heroin. We further find that the facts support the conclusion that the sale transaction commenced on-post by the offer to purchase and a tentative agreement to sell, subject to later confirmation, and that the sale was concluded off-post with the delivery of the heroin and the payment of the $100.00.

■ Application of the *O'Callahan* decision to the facts of this case presents a close question. The issue was fully litigated at the trial level and decided against the appellant. In *United States v. Morley,* 20 U.S.C.M.A. 179, 43 C.M.R. 19 (1970), an off-post sale of illegal drugs by a member of the military to a civilian narcotics agent was held to have no "service connection" which would permit the exercise of court-martial jurisdiction over the sale. Although the facts are not fully set forth in the *Morley* decision, it is clear from the opinion of the Court of Military Review (42 C.M.R. 410 (ACMR 1970)), that the civilian purchaser first met the accused at his off-post apartment where the sale was transacted. While the civilian purchaser in *Morley* had been furnished information by the Army CID, he was not working directly under or in the employ of the CID as in this case. It is urged by Government counsel that the sale of prohibited drugs off-post to a civilian agent of military investigators is sufficient to justify court-martial jurisdiction. We need not decide such a limited issue, as we clearly have more "service connection" in this case. While the status of the agent, as well as the purpose of the purchase (to determine the source of the

1. *O'Callahan v. Parker,* 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969).

drugs appellant was selling on-post), are significant to our determination, these factors alone are not controlling.

In *United States v. Sexton,* 23 U.S.C.M.A. 101, 48 C.M.R. 662 (1974), the Court noted the necessity for "military significance or a military connection" as a prerequisite for military jurisdiction over off-post offenses. They cited their prior decision to the effect that off-post sale of drugs by one member to another had sufficient service connection to justify court-martial jurisdiction,[2] whereas the off-post sale to a civilian consummated in the civilian community did not.[3] The Court stated that off-post court-martial jurisdiction was not dependent upon their being a military "victim" as such. Victimless crimes, those that harm the community, could also be covered. The instant case is clearly one in which the interest of the military community was involved. The Court added that regardless of the question as to the status of a victim, jurisdiction can exist where some essential acts are committed in a civilian community but others occur on a military installation. In *Sexton* the agreement for sale and the transfer of funds had taken place on the installation and the transfer occurred off-post. Although the CID informer in *Sexton* was another member of the military service rather than a civilian, it seems clear that the Court was not relying on the purchaser's military status alone as a basis for its decision. The trial judge relied on *Sexton* in ruling on the jurisdiction issue in this case.

The Government also relied substantially on the case of *United States v. Butler,* 41 C.M.R. 620 (ACMR 1969), an *en banc* decision of this Court, in support of its position at trial as well as on this appeal. Although reversed on other grounds, a majority of the Court in *Butler* agreed that there was court-martial jurisdiction over the off-post transfer of hashish to a civilian narcotics agent. As in the instant case, the Court found that the transaction had its beginning on-post and continued until the off-post transfer occurred.

We conclude that under the facts of this case the offense had military significance as well as "service connection" sufficient to support military jurisdiction within the scope of *O'Callahan.*

The findings of guilty and the sentence are affirmed.

Senior Judge BAILEY concurs.

COOK, Judge:

I dissent.

I believe the holding in *United States v. Morley,* 20 U.S.C.M.A. 179, 43 C.M.R. 19 (1970), mandates that the specification in this case alleging a sale of drugs to a civilian at a site in the civilian community be dismissed for lack of jurisdiction.

The only distinction between *Morley* and the instant case is certain on-post activity. I find that activity too gossamer a thread to support jurisdiction.

While some language in the opinion in *United States v. Sexton,* 23 U.S.C.M.A. 101, 48 C.M.R. 662 (1974), could be used to buttress jurisdiction in this case, I cannot ignore the critical fact that in that case the off-post sale was to a serviceman.

The majority also cites apparently with favor *United States v. Butler,* 41 C.M.R. 620 (ACMR 1969). I do not find the *obiter dicta* in that case on this point either persuasive or controlling.

I would set aside the finding of guilty of Specification 2 of the charge and dismiss it for want of jurisdiction.

---

2. *Rainville v. Lee,* 22 U.S.C.M.A. 464, 47 C.M.R. 554 (1973); *United States v. Rose,* 19 U.S.C.M.A. 3, 41 C.M.R. 3 (1969).

3. *United States v. Morley, supra.*