UNITED STATES

v.

**Airman First Class Harold J. PITTMAN, FR 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, 355th Field Maintenance Squadron, Fifteenth Air Force (SAC).**

ACM 22014 (f. rev.).

U. S. Air Force Court of Military Review.

Sentence Adjudged 19 Nov. 1975.

Decided 9 Nov. 1976.

Appellate Counsel for the Accused: Colonel Robert W. Norris and Captain Gary C. Smallridge.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Alvin E. Schlechter.

Before LeTARTE, EARLY and FORAY, Appellate Military Judges.

DECISION UPON FURTHER REVIEW

PER CURIAM:

Upon original review of the record of trial in the above entitled case, this Court affirmed the approved findings of guilty and the sentence on 9 March 1976. Subsequent thereto, 7 June 1976, the United States Court of Military Appeals granted the accused's petition for review, ordered our original decision vacated, and remanded the record of trial to us with directions to hold further proceedings in abeyance pending that Court's disposition of the issue granted in *United States v. McCarthy*, 2 M.J. 26 (24 September 1976).

In *McCarthy*, the accused had been convicted by general court-martial of wrongfully transferring three pounds of marihuana to another soldier "just outside" one of the gates to Fort Campbell, Kentucky, an army installation. On appeal the accused contended that the offense was not service connected as the term was explained in *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969). The Court of Military Appeals rejected the accused's contention finding that four of the twelve criteria announced in *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971), by which service connection may be measured, weighed in favor of military jurisdiction over the drug transfer offense. The Court emphasized that a thorough, detailed analysis of the jurisdictional criteria announced in *Relford* is required to resolve service connection issues. Further, the Court opined:

Merely because the recipient of the contraband was a soldier is insufficient, in

and of itself, to establish service connection . . . The issue requires careful balancing of the *Relford* factors to determine "whether the military interest in deterring the offense is distinct from and greater than that of civilian society, and whether the distinct military interest can be vindicated adequately in civilian courts." *Schlesinger v. Councilman*, 420 U.S. 738, 760, 95 S.Ct. 1300, 1314, 43 L.Ed.2d 591 (1975).

The petition for review granted by the Court of Military Appeals in this case concerned two errors which were asserted by appellate defense counsel and are now before us. These are:

I

THE COURT–MARTIAL WAS WITHOUT JURISDICTION TO TRY THE APPELLANT FOR OFF–BASE POSSESSION OF SECOBARBITAL.

II

DURING ARGUMENT ON SENTENCE, THE TRIAL COUNSEL IMPROPERLY URGED THE MILITARY JUDGE SITTING ALONE TO CONSIDER THE DETERRENT EFFECT OF SUBSTANTIAL CONFINEMENT ON OTHER POTENTIAL OFFENDERS.

Here, the accused was convicted of one offense of possession and two offenses of sale of secobarbital, in violation of Air Force Regulation 30–2 and Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. All the offenses were committed on 7 June 1975, at substantially the same time, in the accused's off-base apartment in Tucson, Arizona. The recipients of the drug sold by the accused were both on active duty with the Air Force at the time.

█ Drug abuse by members of the military services, whether committed on or off the military installation, has deleterious effects on the health, morale, and fitness for duty of military personnel. *United States v. Beeker*, 18 U.S.C.M.A. 563, 40 C.M.R. 275 (1969); *United States v. Castro*, 18 U.S.C. M.A. 598, 40 C.M.R. 310 (1969); *United States v. Rose*, 19 U.S.C.M.A. 3, 41 C.M.R. 3 (1969); *Rainville v. Lee*, 22 U.S.C.M.A. 464, 47 C.M.R. 554 (1973); *United States v. Sexton*, 23 U.S.C.M.A. 101, 48 C.M.R. 662 (1974).

█ Our examination of the *Relford* criteria convinces us factors exist which weigh in favor of military jurisdiction in this case. The accused's conduct in possessing and selling dangerous drugs to active duty members of the Air Force was potentially detrimental to their health, morale, and fitness for duty. Such conduct on the part of the accused included these *Relford* factors:

1. The flouting of military authority.
2. The threat posed to Air Force personnel, and hence to the Air Force community itself.

█ Regarding the second assignment of error, we perceive no merit in counsel's argument that the accused was prejudiced by trial counsel's reference to "general deterrence" in his presentencing argument. *United States v. Davic*, 1 M.J. 865 (A.F. C.M.R. 18 May 1976), pet. denied (6 August 1976); *United States v. Moore*, 1 M.J. 856 (A.F.C.M.R.1976), pet. denied (6 August 1976).

Accordingly, the approved findings of guilty and the sentence are

AFFIRMED.