**UNITED STATES**

v.

**Jerry D. BROWN, 562 02 7841, Private (E–1), U. S. Marine Corps.**

**NCM 76 2400.**

U. S. Navy Court of Military Review.

Sentence Adjudged 9 July 1976.

Decided 30 April 1980.

LT David S. Durbin, JAGC, USNR, Appellate Defense Counsel.

LCDR John C. Vinson, JAGC, USN, Appellate Government Counsel.

Before CEDARBURG, C. J., and BAUM and SANDERS, JJ.

CEDARBURG, Chief Judge:

This case is again before this Court after previously having been affirmed by our decision, *United States v. Brown*, No. 76 2400 (N.C.M.R. 14 February 1977). The Court of Military Appeals reversed, however, *United States v. Brown*, 5 M.J. 454 (C.M.A.1978), finding that a substitute defense counsel improperly purported to represent the appellant in submission of the response to the staff judge advocate's review provided for in *United States v. Goode*, 1 M.J. 3 (C.M.A. 1975). The record of trial was returned to the Judge Advocate General for remand to an appropriate authority for service of the post-trial review upon the trial defense counsel, if available, with an opportunity afforded to file a response thereto. The action directed has been completed. Appellate defense counsel now assigns as error that the court-martial lacked jurisdiction over appellant. We disagree and reaffirm the findings and sentence as approved on review below.

Appellate defense counsel's motion to file the record of another general court-martial (hereafter denominated "first") also involving appellant, NCM No. 77 0335, was granted by this Court on 3 January 1980. Factual matters in the record of the first court-martial were included in the statement of facts and argument of appellate defense counsel which he concluded were of arguable relevance to the instant case. This Court decided that service connection, necessary to confer subject matter jurisdiction over the charged drug offense, was lacking in the first general court-martial and set aside the findings and sentence and dismissed the Charge. *United States v. Brown*, No. 77 0335 (N.C.M.R. 29 September 1977).

Appellant was apprehended by a team of military, state, local and federal law enforcement personnel on 29 January 1976 in Yuma, Arizona, on charges of transferring a large quantity of marijuana. The activities of those law enforcement personnel were in concert in an investigation in which civilians as well as military personnel were the subjects of the overall operation. Appellant's enlistment was due to expire on 2 February 1976. The district attorney in Yuma County was advised that military authorities desired to try appellant but could not do so unless the State of Arizona agreed to drop its charges against him. Arrangements were concluded between the two jurisdictions, action with a view towards prosecution of appellant was taken by military authorities and, on 2 February 1976, the appellant's enlistment was involuntarily extended. Trial by the first general court-martial, later found to be without service connection by this Court, *United States v. Brown*, No. 77 0335, *supra*, was held, with sentence imposed on 11 June 1976.

The charge in the instant case arose when appellant was apprehended, during the pendency of the prior general court-martial, on charges of possession of heroin aboard the Marine Corps Air Station, Yuma, Arizona. At his trial on this charge appellant pleaded guilty. Pursuant to a pre-trial agreement, the convening authority approved only so much of the sentence as provided for confinement at hard labor for 8 months, forfeiture of all pay and allowances and bad-conduct discharge.

Appellant contends that under the circumstances revealed in appellant's first general court-martial, his original apprehension in January 1976 involved a violation of the principle of "posse comitatus." Title 18, section 1385 of the United States Code provides:

Whoever, except in cases and under circumstances expressly authorized by the Constitution or Act of Congress, willfully uses any part of the Army or Air Force as a posse comitatus or otherwise to execute the laws shall be fined not more than $10,000 or imprisoned not more than two years, or both.

SECNAVINST 5820.7 of 15 May 1974 states that although the Posse Comitatus Act, 18 U.S.C. § 1385, is not expressly applicable to the United States Navy and United States Marine Corps, it is regarded as a statement of Federal policy which is closely followed by the Department of the Navy. SECNAVINST 5400.12A of 12 March 1975, on the subject of civil disturbances, as well as the cross references to each other within the above directives, reinforce the applicability of the statute's intent to the naval service.

▪ Although it is abundantly clear that the policy of the Department of the Navy is to adopt the prohibitions of the Posse Comitatus Act, the factual predicate for its application is lacking in the present case. There is no indication that the purpose of the involvement of Marine Corps law enforcement personnel, in concert with agents of federal, state and local agencies, was motivated by an objective to aid in the execution of civilian law. On the contrary, the facts support a purpose to control drug distribution involving military personnel. Appellant and the informant used in the marijuana transfer were both Marines. The original negotiations were conducted at a barracks on base. The Criminal Investigation Division and the City/County Task Force were conducting a parallel investigation with separate, respective interests. The Marine investigations centered on military personnel, specifically focusing on appellant, whereas the primary interest of the Civilian Task Force investigators was drug trafficking within the civilian community.

The Posse Comitatus Statute does not proscribe joint investigatory techniques. Where a primary military purpose is the motivation in using Armed Forces personnel, no violation occurs from the incidental enforcement of civilian law. *See* Meeks, *Illegal Law Enforcement: Aiding Civil Authorities in Violation of the Posse Comitatus Act*, 70 Mil.L.Rev. 83, 125 (1975). We find from the record in the first general court-martial that the predominant motive in the use of Marine Corps investigative personnel was to enforce military, rather than civilian, law.

▪ Appellant argues that his retention on active duty for his first general court-martial was illegal since the Government acted in bad faith. We are unable to ascribe bad faith to the Government under the circumstances here disclosed. The legitimate interest of the military in deterring use of marijuana and narcotics by military persons in light of the disastrous effects of these substances on the health, morale and fitness for duty of persons in the Armed Forces has been long and clearly recognized. *United States v. Harris*, 5 M.J. 44, 58 (C.M.A.1978); *United States v. Beeker*, 18 U.S.C.M.A. 563, 565, 40 C.M.R. 275, 277 (1969). The interest sought to be protected was being carried out in a cooperative effort with civilian authorities, a logical and eminently prudent course of action, given the usual drug distribution network which is not narrowly compartmentalized into separate civilian and military boxes. In addition, the extant law of subject matter jurisdiction in February of 1976 was substantially altered by subsequent case law in September of 1976. *See, e. g., United States v. Hedlund*, 2 M.J. 11 (C.M.A.1976); *United States v. McCarthy*, 2 M.J. 26 (C.M.A.1976). No bad faith could be attributed to acting in accord with the law which controlled at the time the charges in the first general court-martial were preferred. The retention of appellant on active duty beyond the normal term of his obligated service was proper based upon the facts and law known at the time.

We are persuaded that appellant's conviction, based upon his plea of guilty, is correct in law and fact. Accordingly, the findings and sentence as approved on review below are reaffirmed.

Judge BAUM and Judge SANDERS concur.