UNITED STATES, Appellee

v

JIMMY M. LeBLANC, Private, U. S. Army, Appellant

19 USCMA 381, 41 CMR 381

No. 22,770

April 17, 1970

*Colonel Daniel T. Ghent* and *Captain Howard L. Kaplus* were on the pleadings for Appellant, Accused.

*Colonel David T. Bryant, Major Edwin P. Wasinger,* and *Captain James S. Mathews* were on the pleadings for Appellee, United States.

## Opinion of the Court

PER CURIAM:

A general court-martial convicted the accused of two offenses involving marihuana. The first of- ██ fense was for smuggling marihuana into the United States in violation of 21 USC § 176a. In United States v Beeker, 18 USCMA 563, 565, 40 CMR 275 (1969), we held that the prohibition against the importation of marihuana "entails the exercise of governmental powers different from regulation of the armed forces" and is not specially related to the military services as to make the act triable by court-martial within the limitation on court-martial jurisdiction propounded by the Supreme Court of the United States in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969). Accordingly, the findings of guilty as to specification 1 of the Charge must be set aside.

At trial, the law officer instructed the court members that the maximum period of confinement for the offenses of which the accused stood convicted was twenty-five years. This period was the aggregate of twenty years for the importation of marihuana and ██ five years for possession of marihuana, which was the subject of specification 2 of the Charge. The court-martial adjudged a sentence which included confinement at hard labor for five years. It is apparent, therefore, that the court members were materially influenced by the stated maximum, which included punishment for an offense for which the accused should not have been tried. Under the circumstances, the accused is entitled to have his sentence redetermined by a court-martial. United States v Swanson, 9 USCMA 711, 717–718, 26 CMR 491 (1958).

The decision of the United States Army Court of Military Review as to specification 1 of the Charge and the sentence is reversed. The findings of guilty of specification 1 of the Charge are set aside and the specification is ordered dismissed. A rehearing on the sentence may be ordered.