UNITED STATES, Appellee,

v.

Alton KIMBROUGH, Sergeant, U. S. Air Force, Appellant.

No. 34,225.

ACM 22150.

U. S. Court of Military Appeals.

Oct. 16, 1978.

For Appellant—*Lieutenant Colonel Anthony C. Vance* (argued); *Colonel Robert W. Norris* (on brief); *Lieutenant Colonel Larry G. Stephens* (on brief).

For Appellee—*Major Gilbert J. Regan* (argued); *Colonel Julius C. Ullerich, Jr.* (on brief).

OPINION OF THE COURT

FLETCHER, Chief Judge:

Sergeant Alton Kimbrough was tried by a General Court-Martial. We have set forth below the charges and specifications on which he was arraigned, his pleas and the trial's findings in order to clarify our disposition of this matter.

| Chg | Art UCMJ | Spec | Summary of Offenses | Pleas | Findings |
|---|---|---|---|---|---|
| | 92 | 1 | Possess heroin o/a 7 Jun 76 | NG | G |
| | | 2 | Sell heroin o/a 7 Jun 76 | NG | G |
| | | 3 | Possess marijuana o/a 10 Jun 76 | NG | G |
| Add Ch I | 81 | 1 | Conspiracy to import controlled substance from Aug 75 to Jan 76 | NG | Of Specs 1 and 2 of Add Chg I and Add Chg I: dismissed on motion of defense for lack of jurisdiction |
| | | 2 | Conspiracy to wrongfully introduce heroin into a military aircraft from Aug 75 to Jan 76 | NG | |
| Add Ch II | 134 | | Import heroin between 2 Feb 76 and May 76 | NG | G |

| Chg | Art UCMJ | Spec | Summary of Offenses | Pleas | Findings |
|---|---|---|---|---|---|
| Add Ch III | 92 | 1 | Use of heroin in Jul 75 | NG | Spec 1 dismissed on defense motion |
| | | 2 | Transfer heroin from 2 Feb 76 to Apr 76 | NG | NG |
| | | 3 | Transfer heroin from 2 Feb 76 to Apr 76 | NG | Motion for finding of NG granted |

The appellant was sentenced to a dishonorable discharge, confinement at hard labor for 4 years, forfeiture of $240.00 per month for 48 months and reduction to the grade of airman basic.

We granted the following issue which concerns itself only with Additional Charge II, the importation of heroin between February and May 1976:

Whether the court below erred in finding it possessed jurisdiction to try appellant for importing heroin in violation of 21 United States Code § 952 [importation of a controlled substance into the United States from a place outside the United States].

We believe the trial judge erred in overruling the trial defense counsel's motion to dismiss Additional Charge II due to lack of jurisdiction and, furthermore, that the Court of Military Review erred in concluding that military jurisdiction obtains over this offense under 21 U.S.C. § 952.

In *United States v. Beeker*, 18 U.S.C.M.A. 563, 565, 40 C.M.R. 275, 277 (1969), this Court stated—referring to offenses chargeable under 21 U.S.C. § 176(a), the legal antecedent to 21 U.S.C. § 952—"the prohibition against importation and transportation involves different considerations from the act of possession and entails the exercise of governmental powers different from regulation of the armed forces." In a Per Curiam opinion one year later, the Court referred to the language we have just cited and continued with the additional phrase, ". . . and [the prohibition against the importation of marihuana] is not specially related to the military services as to make the act triable by court-martial within the limitation on court-martial jurisdiction propounded by the Supreme Court of the United States in *O'Callahan v. Parker*, 395 U.S. 258 [89 S.Ct. 1683, 23 L.Ed.2d 291] (1969)." *United States v. LeBlanc*, 19 U.S.C.M.A. 381, 382, 41 C.M.R. 381, 382 (1970).

We are not persuaded by the government's argument that the present case can be distinguished from the well-settled law. We, therefore, find that the military did not have jurisdiction over the offense alleged in Additional Charge II. We order dismissal of this charge.

Our disposition of this issue eliminates the need for our consideration of the other granted issue.

The decision of the United States Air Force Court of Military Review is reversed. The findings of guilty as to Additional Charge II are set aside. Additional Charge II is dismissed. The record of trial is returned to the Judge Advocate General of the Air Force for submission to the Court of Military Review for reassessment of the sentence on the remaining findings of guilty.

Judge PERRY concurs.

COOK, Judge (dissenting):

The principal opinion quotes from *United States v. LeBlanc*, 19 U.S.C.M.A. 381, 382, 41 C.M.R. 381, 382 (1970), to the effect that the offense is "not specifically related to the military services." That comment was also made in *United States v. Black*, 1 M.J. 340, 345 (C.M.A.1976), which, like *LeBlanc*, involved the question of whether the facts established a sufficient military connection with the offense to allow the exercise of court-martial jurisdiction. *Black* observed that the jurisdictional question before the

court was a factual one, specifically whether, notwithstanding the offense was cognizable in a federal civilian court, there existed sufficient "service connection" to vest jurisdiction in the military. *Id.* at 345. *Black* also observed that importation was of interest to the Federal Government and that circumstance was of "particular importance" in assessing the justification for the exercise of court-martial jurisdiction, but it did not say, directly or indirectly, that the civilian interest alone foreclosed the military from even considering factors demonstrating a military interest in prosecution.

On the facts, my dissent in *Black* would impel me to dissent here. However, there are additional factors which led the Court of Military Review below to conclude that this case is different from *Black*. Among those are that where, in *Black*, there was no "threat to the security" of a military installation, here, the accused used the military telephone system to make arrangements for the transfer of heroin; packaged a part of the substance on the base, and used the military mail system to ship the package from Thailand; and, that some of the accused's inventory of the drug was found on base in his quarters. I agree with the Court of Military Review that a sufficient military nexus for the offense exists to justify prosecution by court-martial. As I also perceive no merit in the remaining assignment of error, I would affirm the decision of the Court of Military Review.